# In the United States District Court
## for the District of Colorado

Civil Action No. 1:15-cv-00109-RPM

MICHAEL VALDEZ,

     Plaintiff,

v.

PETER DERRICK III, Denver Police Officer, in his
individual capacity;

JOHN MCDONALD, Denver Police Officer, in his
individual capacity;

ROBERT MOTYKA, Jr., Denver Police Officer, in
his individual capacity;

JEFF MOTZ, Denver Police Officer, in his individual
capacity;

KARL ROLLER, Denver Police Officer, in his
individual capacity;

CITY OF DENVER, a municipality,

     Defendants.

---

## AMENDED COMPLAINT

---

Plaintiff Michael Valdez, by and through his attorneys, Haddon, Morgan &

Foreman, P.C., respectfully submits this amended complaint for the purpose of removing

claims and supplementing the remaining claims.  In support of this amended complaint,

Mr. Valdez states as follows:

**Introduction**

1.    This is an action for damages against Defendant City and County of Denver, and Defendants Peter Derrick, III, John McDonald, Robert Motyka, Jr., Jeff Motz, and Karl Roller (individual law enforcement defendants collectively referred to as ("Defendant Officers")), who are all members of the Denver Police Department.

2.    Defendants intentionally, knowingly, recklessly, and with deliberate indifference to Mr. Valdez's constitutional rights arrested him without probable cause to believe he was involved in criminal activity, and subjected him to an unjustified seizure and illegal use of excessive force.

3.    Defendants violated Mr. Valdez's Fourth and Fourteenth Amendment rights when they recklessly, knowingly, intentionally, willfully, and wantonly sought his arrest and instituted legal process against him by acting with knowledge that he had committed no violation of law.

4.    Defendants' conduct was performed under color of state law and directly or proximately caused the deprivation of Mr. Valdez's federally protected rights. Defendant City and County of Denver ("Denver") has a continuing, persistent and widespread practice of unconstitutional misconduct by its police officers engaging in false arrest, excessive force, and malicious prosecution.  Denver exhibits deliberate indifference to or tacit approval of its police officers' misconduct, and this indifference is Denver's official policy or practice, or is so pervasive and established that it is a custom. That custom,

policy, or practice was the moving force behind the Defendants Officers' unconstitutional acts.

5.   Denver failed to adequately train and supervise Defendant Officers concerning the Fourth Amendment and use of reasonable force during arrests.  Denver tacitly approved of these officers' misconduct by retaining their employment, disregarding citizen complaints of excessive force against them, and/or completely failing to discipline them.

**Jurisdiction and Venue**

6.   This is an action for monetary damages brought pursuant to Title 42 U.S.C. §§ 1983, 1985, 1986, and 1988 and the laws and common law of the United States and the state of Colorado.

7.   Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.  Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

8.   Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events relevant to the claims contained herein occurred within the State of Colorado.

9.   Plaintiff Michael Valdez asserts that the violation of his Constitutional rights was  committed as a result of the actions of Denver Police Officers Peter Derrick III, John McDonald, Robert Motyka, Jr., Jeff Motz, and Karl Roller, as well as Denver's

policies, procedures, lack of procedure(s), customs and/or practices and Denver's

inadequate hiring, supervision, training, and discipline of these officers.

**Parties**

10.    Plaintiff Michael Valdez is a citizen of the United States and at all times

relevant to this Complaint, a resident of the city of Denver, Denver County, State of

Colorado.

11.    Defendant Peter Derrick, III is a citizen of the United States and a citizen of

the State of Colorado.  Derrick was at all times relevant to this Complaint a duly

appointed and acting officer of the Denver Police Department. At all times relevant to the

claims against him he was acting under color of state law as a Denver Police Officer.

Derrick is a defendant in his individual capacity.

12.    Defendant John McDonald is a citizen of the United States and a citizen of

the State of Colorado.  McDonald was at all times relevant to this Complaint a duly

appointed and acting officer of the Denver Police Department. At all times relevant to the

claims against him he was acting under color of state law as a Denver Police Officer.

McDonald is a defendant in his individual capacity.

13.    Defendant Robert Motyka, Jr., is a citizen of the United States and a citizen

of the State of Colorado.  Motyka was at all times relevant to this Complaint a duly

appointed and acting officer of the Denver Police Department. At all times relevant to the

claims against him he was acting under color of state law as a Denver Police Officer. Motyka is a defendant in his individual capacity.

14. Defendant Jeff Motz is a citizen of the United States and a citizen of the State of Colorado. Motz was at all times relevant to this Complaint a duly appointed and acting officer of the Denver Police Department. At all times relevant to the claims against him he was acting under color of state law as a Denver Police Officer. Motz is a defendant in his individual capacity.

15. Defendant Karl Roller is a citizen of the United States and a citizen of the State of Colorado. Roller was at all times relevant to this Complaint a duly appointed and acting officer of the Denver Police Department. At all times relevant to the claims against him he was acting under color of state law as a Denver Police Officer. Roller is a defendant in his individual capacity.

16. Defendant Denver is a Colorado municipal corporation. Denver's Department of Safety is responsible for the oversight, supervision, and training of the Denver Police Department ("DPD"). Denver was at all times relevant the employer of the Defendant Officers and is a proper entity to be sued under 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

**General Allegations**

17. In the afternoon of January 16, 2013, Michael Valdez was at a store when an acquaintance approached him and stated that the infant child of John Montoya, another mutual acquaintance, had tragically died earlier that morning. Mr. Valdez learned that

Montoya was at that time across the street, so he went to express his condolences in person to Montoya. After doing so, Montoya offered Mr. Valdez a ride in his red Dodge pick-up, which Mr. Valdez accepted. Mr. Valdez sat in the middle of the cab section of the truck. Two other male passengers were located by the passenger window of the truck and in the bed of the truck; a female passenger was also seated with Mr. Valdez in the middle of the cab section.

18. Unbeknownst to Mr. Valdez, Montoya and his vehicle were wanted by DPD for an incident that had occurred earlier in the day. At some point during the car ride, Denver police officers began chasing the red Dodge pick-up. Montoya pushed Mr. Valdez down to the center of floorboard along with the female passenger during the ensuing car chase.

19. Mr. Valdez had no involvement in the earlier events of that day with Mr. Montoya, no knowledge of them, and no complicity in them. He was not described by any witnesses to have participated in them. Further, at no time did Mr. Valdez have any involvement in the car chase; he never possessed or used a weapon, he never aided and abetted anyone who did, and he did not conspire with Montoya or the others in their actions. Mr. Valdez was a helpless victim trapped inside the red Dodge truck during the car chase.

20. Ultimately the red Dodge pick-up truck crashed into a tree near the intersection of West 39th and Osage Streets in Denver, Colorado. After the truck crashed,

Montoya, together with the passenger-side and truck-bed male passengers, exited the vehicle. Mr. Valdez, fearing for his life, and the female passenger initially remained inside the truck following the crash.

21. After a few minutes, however, Mr. Valdez and the female passenger exited the passenger side door with their hands in the air and lay down on the ground several feet from the truck. While prone on the ground with his face in the grass and his hands extended overhead, Mr. Valdez was shot by the Defendant Officers, once in his back and once to his fourth finger as he tried to shield his head from gunshots.

22. Mr. Valdez ultimately was taken from the scene by emergency personnel. He had to be resuscitated at Denver Hospital and then rushed into an operating room. Medical personnel found a gunshot wound in his right midline of his back at approximately L3 and a palpable bullet in his abdominal wall anterior to the left of his midline. He had fractures at L2 and L4 with bone fragments in his spinal canal. He had a traumatic amputation of the left fourth digit of his finger, which was formally amputated in the emergency room. He had to have a small bowel resection.

23. Due to his injuries, Mr. Valdez lost all feeling in his lower extremities and was unable to use his legs. He was confined to a wheelchair for over a year. After almost two years, Mr. Valdez has regained only partial use of his legs and feet. He suffers constant pain.

24.    As if his physical injuries were not enough, DPD and the Defendant Officers fabricated criminal charges against Mr. Valdez.  Based on misrepresentations made by the Defendant Officers, on January 28, 2013, Mr. Valdez was formally charged in Denver County case number 13CR322 with four counts of attempted first degree murder and five counts of first degree assault.  On February 22, 2013, additional counts were added to the charges against Mr. Valdez, including an additional count of attempted first degree murder and sentence enhancing crime of violence counts for use of a handgun.

25.    There was no probable cause to believe that Mr. Valdez had committed any of the offenses with which he was charged.  At no time on January 16, 2013 did Mr. Valdez possess a firearm, attempt to shoot anyone, or otherwise attempt to cause bodily injury to anyone.  Mr. Valdez was simply an innocent bystander who was a captive passenger in the red Dodge truck.  The Defendant Officers knew that Mr. Valdez had not shot at or otherwise attempted to harm them and that there was no evidence linking Mr. Valdez with the crimes charges, yet they actively participated in the filing of attempted first degree murder and first degree assault charges against him.  The Defendant Officers conspired with one another, the Denver District Attorney's Office, and others unknown to institute those criminal charges against Mr. Valdez.

26.    The Defendant Officers also participated in filing felony charges against Mr. Valdez for the events that occurred earlier in the day on January 16, 2013, at which he had not even been present.  In Denver County case number 13CR589, Mr. Valdez was

8

charged with two counts of first degree murder and two counts of felony menacing arising out of the events that occurred earlier in the day on January 16, 2013. The Defendant Officers knew that Mr. Valdez was not present at the scene of those crimes and that he had absolutely no involvement with the events underlying these charges. Multiple witnesses told DPD that Mr. Valdez was not involved with the events that occurred earlier on January 16, 2013, and that Mr. Valdez was not present when these crimes were committed. Despite this knowledge, the Defendant Officers participated in the filing of these charges against Mr. Valdez and conspired with one another, the Denver District Attorney's Office, and others unknown to institute these criminal charges against Mr. Valdez.

27. Mr. Valdez was unable to post bond and was held in custody at the Denver County jail, still suffering from his very severe and life-threatening injuries. The Defendant Officers knew that there was no probable cause to believe that Mr. Valdez committed any of the 19 felony counts he was charged with, yet they conspired with others in the DPD and the Denver District Attorney's Office to repeatedly seek continuances of his preliminary hearings on the two criminal cases. Defendant Officers' efforts led to Mr. Valdez being imprisoned long after they knew that he was not involved in any way with the crimes charged.

28. On March 19, 2013, after spending more than two months wrongfully held at the Denver County jail in agonizing pain and without the use of his lower limbs, Mr.

9

Valdez was released from custody after the District Attorney's Office confirmed its long-held knowledge that Mr. Valdez had no involvement with the crimes charged and dismissed all counts against him.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. §1983 --- (Unlawful and Excessive Use of Force) (Against Defendant Officers and Denver)

29.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

30.   At all times relevant to the allegations in this Complaint, Defendants acted under color of state law.

31.   Defendants are persons under Title 42 U.S.C. § 1983.

32.   Mr. Valdez had a constitutionally protected and clearly established right to be secure in his person against unreasonable seizures, including excessive force.  Mr. Valdez did not pose a threat to the safety of the officers or anybody else; he was passive during the encounter with police on January 16, 2013.

33.   As a direct result of the actions described above, Mr. Valdez sustained serious and significant injuries, including but not limited to a gunshot wound in his back and a gunshot wound to his finger, causing the need for partial amputation of his fourth digit, as a direct result of the actions of Officers Derrick, McDonald, Motyka, Motz, and Roller.

34.   Officers Derrick, McDonald, Motyka, Motz, and Roller's use of force was objectively unreasonable under the facts and circumstances of this incident.  Officers

10

Derrick, McDonald, Motyka, Motz, and Roller were motivated by an intent to harm Mr. Valdez.

35.    The Officer Defendants' actions violated Mr. Valdez's clearly established rights, and a reasonable officer in their position would have known that use of force to the degree used against Mr. Valdez was a violation of such rights.

36.    The acts of all Officer Defendants were done within the scope of their official duties and employment.

37.    The acts of all Officer Defendants were the legal and proximate cause of Mr. Valdez's serious injuries.

38.    Denver has a long-standing culture of tolerating the use of excessive force by its police officers. Denver has failed to hire, train, supervise and/or discipline Officers Derrick, McDonald, Motyka, Motz, and Roller on the degree of force necessary to comply with the Fourth Amendment. Denver consciously chose not to adequately hire, train, supervise, and discipline its officers, and this decision was the moving force behind the violation of Mr. Valdez's constitutional rights.

39.    As one of many examples, Denver was aware that, in January 2009, Defendant Motyka was one of the officers who burst into the Martinez family home without a warrant and violently assaulted an innocent father and his three sons. After realizing that they had been misinformed about the residents of the home, Motyka and his fellow officers concocted a story that led to the Martinez family being falsely charged

11

with assaulting the police officers.  The charges against two of the Martinezes were dropped; the other two were acquitted following a jury trial.  Despite the obvious constitutional violations by the officers in that case, DPD investigated and determined that the Martinez family's claims of officer misconduct were baseless.  None of the officers, including Motyka, was disciplined.  This is but one example of Denver's failure to appropriately hire, train, supervise, and discipline its officers.

40.   Denver's failure to properly hire, train, supervise, and discipline its officers was a legal and proximate cause of the constitutional violations against Mr. Valdez in this case, as well as a moving force behind those violations.

41.   The actions and inactions of Defendants described herein intentionally deprived Mr. Valdez of due process and of rights, privileges, liberties, and immunities secured by the  Constitution of the United States of America, and caused him other damages.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 — Malicious Prosecution (4th Amendment and 14th Amendment Procedural Due Process Violations) (Against All Defendants)

42.   Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

43.   Defendants were acting under color of state law in their actions and omissions, which occurred at all times relevant to this action.

44.    Defendants violated Mr. Valdez's Fourth and Fourteenth Amendment rights to be free from malicious/vindictive prosecution without probable cause and without due process when they worked together to secure and pursue false charges against him, which resulted in his unlawful confinement while suffering from the wounds inflicted by their excessive force.

45.    Defendants, acting without probable cause, procured groundless charges against Mr. Valdez based by fabricating inculpatory evidence, and offering false, distorted, and perjurious testimony to official bodies.

46.    Defendants made or caused the decision to target Mr. Valdez for criminal charges and/or prosecution.  The Officer Defendants worked together to initiate, continue, and expand on the criminal prosecution of Mr. Valdez in order to insulate themselves from scrutiny and potential civil liability for their constitutional violations.

47.    Defendants' actions were willful, malicious, in bad faith, and in reckless disregard for Mr. Valdez's constitutionally protected rights.

48.    Mr. Valdez's arrest, prosecution, and continued confinement was malicious, shocking, and objectively unreasonable in light of the circumstances.

49.    Defendants engaged in this conduct and not disciplined for this conduct in accordance with Denver's municipal customs, policies, and/or actual practices.

50.    Denver's failure to train, discipline, and/or supervise was a legal and proximate cause of Mr. Valdez's injuries.

13

51.   As a direct result of Defendants' actions, Mr. Valdez suffered humiliation, emotional distress, loss of enjoyment of life, and other significant injuries, damages, and losses.

### THIRD CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Manufacture of Inculpatory Evidence –(14th Amendment Violations) (Against all Defendants)**

52.   Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

53.   Defendants were acting under color of state law in their actions and inactions, which occurred at all times relevant to this action.

54.   The Officer Defendants fabricated inculpatory evidence against Mr. Valdez or at a minimum ignored exculpatory evidence in causing and allowing the criminal prosecution of Mr. Valdez.

55.   The Officer Defendants were complicit with words and silence regarding the baseless allegations leveled against Mr. Valdez.

56.   Denver has long-standing, department-wide custom and practice of failing to train and supervise officers regarding the handling of inculpatory and exculpatory evidence.

57.   Denver also has a custom and practice of failing to discipline officers for manufacturing inculpatory evidence when unconstitutional force has been used against an individual.

58.    Denver's customs, policies, and disciplinary decisions were a legal and proximate cause of the constitutional violations that occurred in this case, as well as a moving force behind those violations.

59.    As a direct result of Defendants' actions, Mr. Valdez suffered humiliation, emotional distress, loss of enjoyment of life, and other significant injuries, damages, and losses.

**FOURTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Unreasonable Seizure (4th Amendment**
**Violation) (Against All Defendants)**

60.    Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

61.    Defendants were acting under color of state law in their actions and inactions, which occurred at all times relevant to this action.

62.    Defendants recklessly, knowingly, intentionally, willfully, and wantonly instituted legal process against Mr. Valdez by acting with knowledge that Mr. Valdez had not attempted to murder any Denver Police Department officers, had not committed assault against any Denver Police Department officers, and had not menaced any Denver Police Department officers.

63.    Defendants' arrest of Mr. Valdez without probable cause to believe that he had committed any crime violated Mr. Valdez's Fourth Amendment right to be free from unreasonable seizure.

15

64. Defendants failed to conduct any investigation before arresting Mr. Valdez. At the time of his arrest, Defendants had no reason to believe that Mr. Valdez had committed any crime.

65. Defendants conduct violated Mr. Valdez's clearly established constitutional rights and a reasonable officer in their position would have been aware of such violation.

66. Denver's failure to train, discipline, and/or supervise its officers on the proper legal standard required to arrest, as well as proper investigatory techniques, was a moving force behind this violation, and a legal and proximate cause of Mr. Valdez's injuries.

67. As a direct result of Defendants' actions, Mr. Valdez suffered humiliation, emotional distress, loss of enjoyment of life, and other significant injuries, damages, and losses.

### FIFTH CLAIM FOR RELIEF
**42 U.S.C. § 1983 – False Imprisonment (4th and 14th Amendment Violations)**
**(Against All Defendants)**

68. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

69. Defendants were acting under color of state law in their actions and inactions, which occurred at all times relevant to this action.

70. Defendants recklessly, knowingly, intentionally, willfully and wantonly arrested and imprisoned Mr. Valdez with no probable cause or reasonable grounds for believing that Mr. Valdez attempted to kill, injure or menace any police officer.

71.    Defendants' conduct violated Mr. Valdez's clearly established constitutional rights and a reasonable officer in their position would have been aware of such violation.

72.    Denver's failure to train, discipline, and/or supervise its officers on the proper legal standard required to arrest, as well as proper investigatory techniques, was a moving force behind this violation, and a legal and proximate cause of Mr. Valdez's injuries.

73.    As a direct result of Defendants' actions, Mr. Valdez suffered humiliation, emotional distress, loss of enjoyment of life, and other significant injuries, damages, and losses.

**SIXTH CLAIM FOR RELIEF**
**42 U.S.C. §§ 1983, 1985, 1986 – Conspiracy To Violate**
**Michael Valdez's Civil Rights  (4th and 14th Amendment**
**Violations)**
**(Against All Defendants)**

74.    Plaintiff hereby incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

75.    Defendants were acting under color of state law in their actions and omissions, which occurred at all times relevant to this action.

76.    Defendants recklessly, knowingly, intentionally, willfully and wantonly conspired with one another, and others, to deprive Michael Valdez of his  Fourth and Fourteenth Amendment rights under the United States Constitution by bringing about his wrongful arrest, prosecution, and prolonged detention, and by conspiring to use

excessive force against him and by covering up the use of the excessive force and by perpetuating a wrongful conviction when engaging in the cover up.

77. Denver failed to properly train, hire, supervise and/or discipline its police officers regarding the proper procedures and limitations on seizure and use of force during citizen encounters, and on the proper standards and procedures for seeking criminal prosecution.

78. Denver's failure to properly hire, train, supervise, and discipline its officers was a moving force of the constitutional violations alleged herein and was a direct and proximate cause of Mr. Valdez's injuries.

79. As a direct result of Defendants' actions, Mr. Valdez suffered humiliation, emotional distress, loss of enjoyment of life, and other significant injuries, damages, and losses.

### Jury Demand

Mr. Valdez demands a trial by jury.

### Relief Requested

Mr. Valdez respectfully requests that the Court:

A.    Enter judgment in his favor and against Defendants.

B.    Award him compensatory and punitive damages.

C.    Award him attorney fees and costs under 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54(d), and all other applicable laws; and

D.    Award such other relief as the Court deems appropriate.


Dated: July 20, 2015.


Respectfully submitted,


s/ Laura A. Menninger
Laura A. Menninger
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:  303.831.7364
Fax:      303.832.2628
Email:   LMenninger@hmflaw.com
*Attorneys for Plaintiff Michael Valdez*


**Certificate of Service**

I hereby certify that on July 20, 2015, a copy of the foregoing *Amended Complaint* was served via CM/ECF upon the following:

Wendy J. Shea
Cristina Pena Helm
David Charles Cooperstein
Assistant Director
Denver City Attorney's Office
City and County of Denver
201 W. Colfax Avenue, Dept. 1207
Denver, CO 80202


*s/ Stephanie Howard*


19