IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 15-cv-00109-RPM

MICHAEL VALDEZ,

      Plaintiff,

v.

PETER DERRICK III, Denver Police Officer, in his individual and in his official capacities;
JOHN MCDONALD, Denver Police Officer, in his individual and in his official capacities;
ROBERT MOTYKA, JR., Denver Police Officer, in his individual and in his official capacities;
JEFF MOTZ, Denver Police Officer, in his individual and in his official capacities;
KARL ROLLER, Denver Police Officer, in his individual and in his official capacities; and
CITY AND COUNTY OF DENVER,

      Defendants.

_____

ORDER DENYING MOTION TO DISMISS
_____

The core facts in the amended complaint are that Michael Valdez ("Valdez") was a passenger in a friend's pickup truck on January 16, 2013, when it was chased by police officers ending up in a crash and an exchange of gunfire between the police, the driver and two other occupants of the truck. Valdez alleges that he came out of the cab, lay face down on the ground and was shot in the back by a police officer resulting in serious injuries. He alleges that his fourth finger was shot off. The chase was initiated because of reports that the truck was involved in a shooting incident earlier in the day.

A fair inference from the factual allegations is that the police assumed that Valdez was an occupant of the truck at that earlier time and involved in the reported crime. The plaintiff alleges that he had accepted a ride from his friend, the driver, with no knowledge of what had happened earlier in the day.

Accepting the facts as pleaded, an innocent bystander unfortunate enough to be in the company of criminals was maimed by police, jailed and charged with crimes without probable cause to believe he was guilty of them. Those charges were ultimately dismissed by the prosecutor after Valdez had been two months in jail in extreme pain.

The plaintiff filed this civil action against the individual police officers alleged to be directly involved in the shooting scene.

The plaintiff's amended complaint alleges multiple claims under 42 U.S.C. § 1983. The First Claim is for excessive force in violation of the Fourth Amendment. The Second Claim alleges malicious prosecution in violation of the Fourth and Fourteenth Amendments. The Third Claim is for manufacture of inculpatory evidence in violation of the Fourteenth Amendment. The Fourth Claim is unreasonable seizure in violation of the Fourth Amendment. The Fifth Claim is false imprisonment in violation of the Fourth and Fourteenth Amendment and the Sixth Claim is for a civil rights conspiracy in violation of the Fourth and Fourteenth Amendment actionable under § § 1985 and 1986 in addition to § 1983 of Title 42, U.S.C. The City and County of Denver is joined as a defendant in all of the claims upon allegations that these violations resulted from a failure to train, supervise and discipline the police.

The defendants moved to dismiss all claims other than excessive force pursuant to Fed. R. Civ. P. 12(b)(6). The individual defendants assert qualified immunity.

The defendants fault the amended complaint for lack of factual allegations to support those claims, identifying the conduct of each defendant officer involved which, if true, would support a finding that the officer acted in a manner that would be contrary to clearly

established law as would be known to a reasonably competent police officer in the same circumstances.

The standard for sufficiency under Fed. R. Civ. P. 8 is to plead sufficient facts to provide plausible grounds for a belief that discovery will reveal evidence that supports the claim for relief against the defendant.

All of the individual defendants were officers at the scene of the shootings. The plaintiff alleges that they observed that he was a passenger in the truck and that he was not shooting at the officers.

This was a scene of intense excitement and chaotic circumstances.

The defendants assert that their actions were supported by probable cause. There is no challenge to that justification for the pursuit of the truck matching the description given to the officers of the previous incident and the exchange of gunfire initiated by some of its occupants. It has been conceded that the shooting of Valdez while he lay prone on the ground was excessive force in making an arrest on the assumption that all occupants of the vehicle were involved in the earlier incident. Motyka has been identified as the officer shooting the plaintiff in the back. Valdez was also hit in a finger by a shot from an unknown shooter.

The officers could reasonably believe that Valdez was in the truck at the time of the reported incident giving rise to the chase. Accordingly, there was probable cause for the warrantless arrest for participation in that crime. But the warrant that was issued on the day after the arrest was based on the probable cause affidavit of Detective Gibbs for shooting at Officer Motyka, alleging that Officer Derrick had been "fired upon by the suspects" and that Officer Motyka airs that he has been shot through the windshield of his cruiser." Exhibit A to

Defendants' Partial Motion to Dismiss (Doc. 15-1).  There is nothing to connect Valdez to the shooting and the defendants present at the scene had no basis for believing that Valdez had shot at them.  They saw him come out of the cab and lie down.  There was no gun on or near him.  He was no different from a woman occupant who also came out and lay on the ground.  She was not arrested.

The criminal charges filed against Valdez on January 28, 2013, in 13CR222 were for attempted murder and assault on the officers.  Valdez was not charged with earlier criminal conduct until the filing of 13CR589 on February 22 2013, which was based on a probable cause affidavit of Detective Robert Martinez, dated February 1, 2013, based solely on a statement made by suspect Jude Montoya to homicide detectives.  (Doc. 15-1).

Those Statements of Probable Cause are attached to the defendants' motion.  The plaintiff objected to their consideration under Fed. R. Civ. P. 56 but they support the plaintiff's case.  None of the police officers named as defendants, all of whom were on the scene, are referred to as providing information in the affidavits signed by two detectives, one of whom refers only to what he heard over the dispatch radio and the other describing the statements of one of the arrestees.  These statements on their face are insufficient to support probable cause for the charges and the judge apparently accepted them by merely marking a check box.  While officers are generally able to rely on a judge's acceptance of statements of probable cause, this case is different in that in full context of what is alleged in the amended complaint it is reasonable to believe that the detectives were participating in a conspiracy among the police to cover up their unlawful conduct by pursuing criminal charges against Valdez.

The plaintiff has alleged a plausible case to support such a charge. The information to support that charge is not available to Valdez without the use of the discovery rules in this litigation. It will be important to learn what and to whom information about what actually happened at the scene of the arrest was given by which defendants and who in the chain of command directed the actions taken in pursuing the prosecution of Valdez on charges which were ultimately dismissed by the prosecuting attorney.

The plaintiff is not required at this stage of the litigation to identify the conduct of each defendant when the necessary information is not yet available to him. All of them were on the scene and their conduct is considered in the aggregate at this stage of the case. Most significantly it is not known who among them participated in the alleged cover-up by the prosecution of charges knowing that they could not be supported by evidence. After adequate discovery some of them may be dismissed.

The defendants concede that there are sufficient factual allegations to support the claim of excessive force by Officer Motyka. The other officers are appropriate defendants on this claim at this time because the aggregate conduct of the officers is considered at the pleading stage. As noted, it is not known who shot the plaintiff's finger.

The claim of malicious prosecution in violation of the Fourth Amendment is supported by *Sanchez v. Hartley,* 2016 WL 106168 (10th Cir. 2016).

Municipal liability of the City and County of Denver on these claims is sufficiently alleged in that there is fair inference that some authority within the chain of command in the Denver Police Department ratified the attempt to prosecute Valdez pursuant to a cover-up conspiracy.

Taking the allegations of the amended complaint as true and drawing fair inferences from them the plaintiff has shown a plausible case for being the victim of an unjustified shooting and a frame-up prosecution by defendants who cannot be specifically identified without discovery and for which the municipality may be liable.

Accordingly, it is

ORDERED that the defendants' motion to dismiss is denied.

DATED:   February 10th, 2016

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge