**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0109-WJM-STV

MICHAEL VALDEZ,

    Plaintiff,

v.

ROBERT MOTYKA, Jr., Denver Police Officer, in his individual capacity;
CITY AND COUNTY OF DENVER, a municipality,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' RULE 702 MOTION TO EXCLUDE THE TESTIMONY OF
PLAINTIFF'S REBUTTAL EXPERT DAN MONTGOMERY**

---

Defendant Robert Motyka, Jr., a Denver police officer, shot Plaintiff Michael Valdez at least once at the end of a car chase on January 16, 2013. Valdez claims that Motyka opened fire after all danger had passed, in violation of the Fourth Amendment, and that the City and County of Denver has failed to train its police officers to prevent such violations. Familiarity with the parties' respective versions of events, recounted elsewhere (*e.g.*, ECF No. 152), is presumed.

Before the Court is Defendants' Rule 702 Motion to Exclude the Testimony of Plaintiff's Rebuttal Expert Dan Montgomery ("Motion"), filed on April 17, 2020. (ECF No. 167.) Plaintiff responded on May 15, 2020 (ECF No. 180), and Defendants replied on May 29, 2020 (ECF No. 192).

For the reasons set forth below, the Motion is granted in part and denied in part.

## I. BACKGROUND

In accordance with the Scheduling Order, Plaintiff designated Dan Montgomery as a retained rebuttal expert on April 22, 2018. (ECF No. 167-1 at 1.) Within his expert report, Montgomery represents that he was a police officer for 47 years and is a "court-qualified expert in law enforcement, security, and public safety practices and standards." (*Id.* at 31.) He states, "In terms of methodology, [his] primary focus was on [Motyka and then-defendant John MacDonald] and whether or not their actions in this case were in concert with well-established and modern police practices and standards, and consistent with what reasonably-trained and prudent police officers would have done in the same or similar circumstances." (*Id.* at 5–6.) He further represents that "[he] was asked to review the reports prepared by the defendants' two expert witnesses, Ron McCarthy, report date January 16, 2018 and Thomas L. Martin, report dates January 14, 2018 and February 22, 2018, and where necessary, offer rebuttal to their opinions and findings."[1]  (*Id.* at 6.)

Nonetheless, in the Final Pretrial Order, Plaintiff lists Montgomery as a "may call" expert witness whose "testimony is dependent on what, if any expert, testimony the defense is permitted to introduce at trial through [Dr. James Claude Upshaw Downs]," Defendants' sole remaining expert witness. (ECF No. 152 at 14.)  Montgomery's expert report does not state that he has reviewed the report authored by Dr. Downs. (*See generally* ECF No. 167-1.)

Dr. Downs is a medical doctor and forensic pathology consultant. (*See* ECF No.

---

[1] McCarthy and Martin will not testify at trial. The Court has excluded Martin's expert opinions in their entirety (ECF No. 148 at 13), and Defendants withdrew McCarthy as an expert witness (ECF No. 166-8).

121-7.)  Defendants have retained Dr. Downs to "testify to the angle at which a bullet passed through [Plaintiff's] body in relation to [Plaintiff's] claimed physical positioning at the time he was shot, among other forensic medical findings."  (ECF No. 167 at 2.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) defines a rebuttal expert as one whose testimony is "intended solely to contradict or rebut evidence on the same subject matter identified by another party."  The rule makes clear that a rebuttal expert's testimony must "relate to and rebut evidence or testimony on the same *subject matter* identified by another party under Rule 26(a)(2)(B) or (C)."  *Bleck v. City of Alamosa, Colo.*, 2012 WL 695138, at *4 (D. Colo. Mar. 5, 2012) (emphasis in original).  "[W]here the evidence rebuts new evidence or theories proffered in the defendant's case-in-chief, that the evidence may have been offered in the plaintiff's case-in-chief does not preclude its admission in rebuttal."  *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1224 (10th Cir. 2000) (citing *Bell v. AT&T*, 946 F.2d 1507, 1512 (10th Cir. 1991)).

A district court must act as a "gatekeeper" in admitting or excluding expert testimony.  *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005).  Expert opinion testimony is admissible if it is relevant and reliable.  *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993).  Opinions are relevant if they would "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.  They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) his opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles and methods."  *Id.*  The proponent of expert testimony has the burden to show that the testimony is

admissible.  *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

## III.  ANALYSIS

### A.    Whether Montgomery May Rebut Dr. Downs's Opinions

Defendants argue that Montgomery "is not qualified to rebut the forensic medical opinions offered by Dr. Downs" and that "the only opinions offered by Mr. Montgomery relating to [Plaintiff's] physical positioning are nothing more than speculation that [Plaintiff's] testimony on this point may have been inaccurate."  (ECF No. 167 at 4.)  They contend that Montgomery's opinions are "unsupported by any specialized knowledge, are not the product of any methodology, nor are they based on facts in the evidentiary record and, thus, cannot satisfy the requirements of Rule 702."  (*Id.*)

 In response, Plaintiff does not argue that Montgomery is qualified to rebut Dr. Downs's opinions regarding the forensic evidence in this case.  (*See generally* ECF No. 180.)  Indeed, Plaintiff's counsel has conceded that "[w]e do not intend to offer him as an expert of forensic pathology."  (ECF No. 167-2 at 1.)

To the extent Defendants seek to preclude Montgomery from testifying regarding Dr. Down's opinions, the Court easily grants this portion of the Motion.  There is no evidence from Montgomery's background suggesting that he is qualified to testify regarding forensic pathology, as he has no medical experience.  Nor, as Plaintiff concedes, will Montgomery even be offered for this purpose.  Thus, Plaintiff is precluded from calling Montgomery as a rebuttal expert for Dr. Down's expert opinions regarding Plaintiff's physical positioning at the time he was shot.

### B.    Whether Montgomery May Rebut Other Opinions

Plaintiff argues that Montgomery should nonetheless be entitled to rebut testimony touching on the same subject matter as McCarthy and Martin's opinions,

even though neither McCarthy nor Martin will testify at trial. (*See* ECF No. 180 at 7.) Plaintiff contends that "rebuttal opinion testimony is not disallowed simply because the party offering the affirmative expert elects not to call them to testify." (*Id.* at 1.) According to Plaintiff,

> [t]o the extent that Defendants present testimony or other evidence on the subject matters identified in the McCarthy or Martin opinions, and [to] the extent that Mr. Montgomery's rebuttal opinions thus become relevant and were properly disclosed, Mr. Montgomery should be permitted to challenge that testimony with his expert opinions during his rebuttal case. Whether and to what extent Mr. Montgomery's rebuttal opinions will be admissible certainly will turn on the evidence that Defendants elicit in their defense.

(*Id.* at 8.)

In reply, Defendants argue that Plaintiff's current position regarding the scope of Montgomery's anticipated rebuttal testimony is contrary to his representations in the Final Pretrial Order. (*See* ECF No. 192 at 1.)

To be sure, Plaintiff does represent in the Final Pretrial Order's Special Issues section that "Plaintiff has listed Dan Montgomery as a 'may call' expert witness, and his testimony is dependent upon what, if any expert, testimony the defense is permitted to introduce at trial through Dr. Downs." (ECF No. 152 at 14.) Defendants argue that Plaintiff's statement should reflect the full scope of Montgomery's testimony at trial. (ECF No. 192 at 2, 4.)

However, the Court cannot conclude that the sentence in the Final Pretrial Order represents Plaintiff's position regarding the entirety of matters upon which Montgomery would testify, particularly when the statement is inconsistent with the content of Montgomery's expert report. (*See* ECF No. 167-1.) Significantly, neither Plaintiff nor

5

Defendants listed in the Final Pretrial Order a summary of the topics upon which their witnesses would testify.  (*See* ECF No. 152 at 20–22, 32–36.)  In light of the parties' strategic choices to not list the subject matter of their witnesses' anticipated testimony, the Court finds that the Final Pretrial Order does not limit Montgomery's testimony.

Defendants also argue that Montgomery may only testify as an expert rebuttal witness if their affirmative experts testify at trial.  (ECF No. 192 at 7.)  However, as this Court previously ruled in *Olivero v. Trek Bicycle Corp.*, "[t]here is no rule that, at trial, a rebuttal expert may testify only in response to an affirmative expert's trial testimony." 2018 WL 3459424, at *2 (D. Colo. July 18, 2018) (denying motion to exclude defendant's rebuttal expert where plaintiffs elected not to call their affirmative expert). "Indeed, with some frequency the Court sees one party presenting its theory without expert testimony and the opposing party challenging that theory with expert testimony." *Id.*  Thus, to the extent that Defendants introduce evidence at trial on the topics upon which Montgomery has been endorsed to testify, Montgomery's rebuttal testimony is neither irrelevant nor improper.[2]

Finally, Defendants argue that Plaintiff seeks to use Montgomery to offer evidence under the guise of "rebuttal testimony" that is "properly" part of Plaintiff's case-in-chief.  (ECF No. 192 at 6–7.)  However, the mere fact that Montgomery's opinions *could have* also been offered in Plaintiff's case-in-chief "does not preclude its admission

---

[2] To the extent Plaintiff's Response contains a separate request that Plaintiff "be permitted to supplement Mr. Montgomery's rebuttal opinions to include any of the testimony developed in the February and March 2020 Rule 30(b)(6) depositions" (ECF No. 180 at 5), that request is denied.  As set forth in the undersigned's Revised Practice Standards, "[a]ll requests for the Court to take any action, make any type of ruling, or provide any type of relief must be contained in a **separate**, written motion."  (WJM Rev. Prac. Standards § III.B. (emphasis in original).)

in rebuttal" where the "evidence rebuts new evidence or theories proffered in a defendant's case-in-chief."  *Koch*, 203 F.3d at 1224.

Accordingly, the Court will not exercise its discretion to strike Montgomery's rebuttal expert opinion on the basis that the testimony could have been offered in Plaintiff's affirmative case-in-chief.  However, Plaintiff is on notice that Montgomery's testimony will be limited to that of a true rebuttal expert and the topics upon which he was properly endorsed to testify.  *See Mason v. Am. Family Mut. Ins. Co.*, 2020 WL 5982883, at *3 (D. Colo. Oct. 8, 2020) (recognizing that individuals designated only as rebuttal experts "may present limited testimony, may not testify as part of a party's case-in-chief, and cannot testify unless and until the testimony they were designated to rebut is given at trial" (internal quotations omitted)).

## IV. CONCLUSION

The Court ORDERS that Defendants' Rule 702 Motion to Exclude the Testimony of Plaintiff's Rebuttal Expert Dan Montgomery (ECF No. 167) is GRANTED IN PART AND DENIED IN PART, as set forth above.

Dated this 25th day of March, 2021.

BY THE COURT:

William J. Martinez
United States District Judge