**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0109-WJM-STV

MICHAEL VALDEZ,

 Plaintiff,

v.

ROBERT MOTYKA, JR., Denver Police Officer, in his individual capacity;
CITY AND COUNTY OF DENVER, a municipality,

 Defendants.

---

**ORDER GRANTING DEFENDANTS' MOTION TO AMEND
THE FINAL PRETRIAL ORDER**

---

  Defendant Robert Motyka, Jr., a Denver police officer, shot Plaintiff Michael Valdez at least once at the end of a car chase on January 16, 2013. Valdez claims that Motyka opened fire after all danger had passed, in violation of the Fourth Amendment, and that the City and County of Denver ("Denver") has failed to train its police officers to prevent such violations. Familiarity with the parties' respective versions of events and the lengthy procedural history of this action, recounted elsewhere (*e.g.*, ECF Nos. 152 & 168), is presumed.

  Before the Court is Defendants' Motion to Amend the Final Pretrial Order ("Motion"), filed on June 18, 2021. (ECF No. 235.) Plaintiff responded on June 30, 2021 (ECF No. 239)[1], and Defendants replied on July 12, 2021 (ECF No. 241). For the reasons set forth below, the Motion is granted.

---

[1] On July 13, 2021, Plaintiff filed a Correction to Response to Defendants' Motion to Amend the Final Pretrial Order. (ECF No. 242.)

## I. BACKGROUND

On March 15, 2018, Defendants disclosed Technician Brad McKiernan, Technician Craig Klukas, and Technician Darin Lindsey as Denver's Rule 30(b)(6) witnesses on a variety of topics concerning Denver's policies, procedures, customs and officer training. (ECF No. 239-1.)

The parties submitted their proposed witness lists for trial as part of their proposed Final Pretrial Order on October 29, 2019. (ECF No. 150.) On November 5, 2019, United States Magistrate Judge Scott T. Varholak held the Final Pretrial Conference and entered the Final Pretrial Order. (ECF No. 152.)

On November 13, 2019, the Court directed Plaintiff to identify the municipal liability theories that he intends to pursue at trial. (ECF No. 154.) Thereafter, on December 16, 2019, the Court ordered that Plaintiff be allowed to take a Federal Rule of Civil Procedure 30(b)(6) deposition of Denver regarding his theories of municipal liability. (ECF No. 158.)

On January 24, 2020, Defendants disclosed Hans Levens as a fourth Rule 30(b)(6) witness for, *inter alia*, Denver's policies and procedures concerning the investigation and disciplinary process for officer-involved shootings. (ECF No. 239-3.)

Between February 19, 2020 and March 10, 2020, Plaintiff took Rule 30(b)(6) depositions of five Denver employees, including McKiernan, Klukas, Lindsey, and Levens. (ECF No. 235 at 2–3.)

Denver filed a second motion for summary judgment as to Plaintiff's municipal liability theories on May 15, 2020. (ECF No. 181.) Thereafter, on May 28, 2020, Defendants served on Plaintiff "Defendants' Fifth Supplemental Disclosures," which

identifies:

- Klukas as an individual who will have "information and knowledge concerning the Denver Police Department's policies and procedures, customs and officer training as to a variety of issues including, but not limited to, arrest control techniques";

- Lindsey as an individual who will have "knowledge and information regarding the Denver Police Department's policies, procedures, customs and officer training as to a variety of issues including, but not limited to, use of less lethal force and less lethal devices"; and

- Levens as an individual who will have "knowledge and information regarding the Denver Police Department's policies, procedures, and customs concerning the procedures for opening, conducting, reviewing and completing internal investigations."

(ECF No. 241-1.)

On July 13, 2020, the Court issued the Order on Denver's Motion for Summary Judgment and Related Motions. (ECF No. 224.) In this Order, the Court granted summary judgment in favor of Denver on numerous theories of municipal liability, except the Court denied summary judgment as to the following theories:

- For at least 5 years before January 16, 2013, Denver had a policy of not training its police officers that force will not be used as a means of retaliation, punishment or unlawful coercion, which caused Mr. Motyka to shoot Mr. Valdez out of anger and an intent to retaliate against or punish all of the truck's occupants for the gunshot wound he sustained instead of dis-engaging and allowing other on-scene officers handle the pursuit and scene control on January 16, 2013; and

- For at least 5 years before January 16, 2013, Denver had a policy of not training its police officers by failing to train and refresh officers concerning stress inoculation which caused Mr. Motyka to react angrily, assume that a gunfight was going to occur, refrain from giving commands and instead instigate the use of firearms instead of responding by remaining under cover of his police vehicle, conducting a threat assessment, and issuing surrender commands before firing his weapon on January 16, 2013.

3

(*Id.* at 19–22.)

## II. LEGAL STANDARD

The purpose of the Final Pretrial Order is to ensure the economical and efficient trial of every case on its merits without chance or surprise. *See Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987). Pursuant to Federal Rule of Civil Procedure 16(e), a Final Pretrial Order may be modified "only to prevent manifest injustice." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002); *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The party moving for such modification bears the burden of proving that manifest injustice will result absent the amendment. *Davey*, 301 F.3d at 1208.

The Tenth Circuit has explained that, when reviewing a decision by a district court to deny a request to amend a Final Pretrial Order, it will consider: "(i) prejudice or surprise to the party opposing trial of the issue; (ii) the ability of that party to cure any prejudice; (iii) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (iv) bad faith by the party seeking to modify the order." *Koch*, 203 F.3d at 1222.

## III. ANALYSIS

Defendants seek leave to amend the Final Pretrial Order to: (1) add McKiernan, Klukas, Lindsey, and Levens to their witness list; (2) add four documents to their exhibit list; and (3) reclassify three will-call witnesses—Officer Peter Derrick, Technician Jeffrey Motz, and Corporal Karl Roller—as may-call witnesses. (ECF No. 235.) The Court will consider each proposed amendment below.

**A.     Addition of Witnesses to Defendants' Witness List**

     1.     Defendants' Request To Add Witnesses

Defendants contend that they should be permitted to add McKiernan, Klukas, Lindsey, and Levens to their witness list because these witnesses "pertain[ ] to Plaintiff's theories of municipal liability, which were identified long after the Final Pretrial Order was entered."  (*Id.* at 5.)  They argue that "Technicians McKiernan, Klukas, and Lindsey train [Denver Police Department] officers on the use of force, and were in charge of providing such training at all times relevant to this lawsuit," and that "Commander Levens is familiar with Denver's internal investigations of officer-involved shootings and any changes made to policies or training based on those investigations."  (*Id.* at 5–6.)  According to Defendants, "the technicians' testimony . . . related to the training provided by Denver on the use of force [is] not only relevant, but material to Denver's defense" and denial of the opportunity to amend the Final Pretrial Order "would deprive Denver of the opportunity to provide evidence essential to its defense against Plaintiff's municipal liability claim and would result in manifest injustice."  (*Id.* at 6.)  Defendants further argue that amendment will not prejudice Plaintiff because he has already deposed each of the prospective witnesses and still has ample time to prepare for trial.  (*Id.* at 6–7.)

In response, Plaintiff argues that he will be "severely prejudiced" by the addition of these four witnesses.  He argues that Defendants disclosed the witnesses on topics for which the Court granted summary judgment and that he will have "scant opportunity, given the close of discovery and the looming trial preparation, to further depose them on any new topics nor to rebut such testimony with contrary witnesses or evidence."  (ECF No. 239 at 8.)  He further points out that "[h]ad the application to amend been filed

earlier, he could have secured rebuttal fact and expert testimony concerning the [Rule 30(b)(6)] witnesses' testimony, asked for sanctions concerning [D]efendants' failures to properly prepare their witnesses for Rule 30(b)(6) depositions, and asked to re-open any of the numerous testifying officers depositions concerning the veracity and validity of the technicians' representations regarding the scope and validity of their training." (*Id.* at 11.)

After carefully considering the parties' arguments, the Court has decided that Defendants should be allowed to amend their witness list to add McKiernan, Klukas, Lindsey, and Levens as may-call witnesses. Significantly, the Final Pretrial Order was issued *before* Plaintiff filed his notice of the municipal liability theories that he intended to pursue at trial. (ECF Nos. 152, 155, 169.) In the Court's view, it would be unfair to deny Defendants the opportunity to amend the Final Pretrial Order to add witnesses testifying about Denver Police Department's training when Defendants did not have notice of all of Plaintiff's theories of liability at the time they finalized their witness lists. Moreover, the fact that Plaintiff has had the opportunity to depose each of these witnesses weighs heavily in the Court's analysis of this issue.[2]

The Court is unpersuaded by any argument by Plaintiff that he will be unfairly prejudiced by the addition of the four witnesses' testimony because the Court had previously denied Plaintiff's request to allow his expert, Dan Montgomery, to offer affirmative expert testimony regarding the subject matter covered by the Rule 30(b)(6)

---

[2] The Court is not persuaded by Plaintiff's argument that he was only able to depose the witnesses on topics for which summary judgment had been granted. As an initial matter, Plaintiff had the opportunity to depose these individuals on topics that Plaintiff designated. Moreover, the Court believes there is substantial overlap between the topics about which the witnesses were deposed and Plaintiff's remaining theories of municipal liability.

depositions. (ECF No. 239 at 8.) As the Court reasoned in its Order Denying Plaintiff's Motion to Add Affirmative Expert, Plaintiff decided to only endorse Mr. Montgomery as a rebuttal expert *before* Judge Matsch denied the motion to compel a Rule 30(b)(6) deposition and "[t]he Court's reopening of discovery to allow Rule 30(b)(6) depositions therefore does not imply a further need to reopen expert discovery." (ECF No. 168 at 5.) As in any litigation, the parties' strategic decisions regarding expert disclosures came well before the issuance of the Final Pretrial Order and the parties' designation of trial witnesses. As such, the Court is unconvinced that its denial of Plaintiff's request to allow Mr. Montgomery to testify as an affirmative expert bears on the question of whether Defendants should be permitted to amend their witness list.

Moreover, the fact that Defendants had originally disclosed Ron McCarthy as a police practices expert weighs heavily into the Court's determination that amendment is proper. (ECF No. 166-2.) After Judge Matsch denied the request for Rule 30(b)(6) depositions and determined that he would not allow expert witnesses to opine on Defendants' training at trial, Defendants voluntary withdrew Mr. McCarthy as an expert witness. (ECF Nos. 158, 166-8, 168.) Now that Plaintiff has received the opportunity to conduct Rule 30(b)(6) depositions and the Court has determined that it will allow testimony regarding Denver's officer training, it would be manifestly unjust to deny Defendants the opportunity to allow Denver to endorse witnesses to testify about their training.

To be sure, Defendants have not provided a compelling explanation about why they waited so long to seek leave to add these witnesses. Because Plaintiff filed his Notice of Municipal Liability Theories in April 2020, Defendants could have—and should

7

have—moved to amend their witness list at that time.  However, the Court is convinced that Defendants did not act in bad faith and that any prejudice to Plaintiff can be cured.

For the reasons stated above, the Court will allow Defendants to file an amended witness list that includes McKiernan, Klukas, Lindsey, and Levens.  Having made this determination, the Court turns to consider whether Plaintiff is entitled to any additional relief.

2. Additional Relief

On July 14, 2021, the Court directed Plaintiff to submit supplemental briefing "indicating what relief, if any, he would request if the Court were to grant, in whole or in part, this portion of Defendants' Motion."  (ECF No. 244.)  In response, Plaintiff represented that he would request: (1) supplemental briefing regarding the admissibility of the witnesses' testimony; (2) an opportunity to supplement Mr. Montgomery's expert opinions; and (3) to limit witnesses' trial testimony to the facts they disclosed during their depositions.  (ECF No. 246.)  The Court considers each request in turn.

(i) *Briefing Regarding the Admissibility of the Witnesses' Testimony*

Plaintiff requests "thirty days to move this Court *in limine* to exclude all or part of [McKiernan, Klukas, Lindsey, and Levens's] potential trial testimony or to request other appropriate relief with respect to their depositions pursuant to Rule 37(a)."  (ECF No. 246 at 1.)  According to Plaintiff, Defendants' "failure to include these [w]itnesses on their Final [Pretrial Order]," and failure to "move to add the [w]itnesses until after the deadlines for Motions *in limine*[ ] deprived Plaintiff of the opportunity to litigate these issues concerning discovery violations or admissibility of anticipated trial testimony." (*Id.* at 2.)

8

The Court is unpersuaded that Plaintiff has been deprived of any opportunity to file any Rule 37 motions or litigate any issues concerning discovery violations. Especially given the significant delays in this litigation (the oldest pending civil case on the Court's docket) resulting from the unfortunate death of Judge Matsch, as well as the extraordinary delays engendered by the Covid pandemic, Plaintiff has far and away had more than ample opportunity to pursue these issues earlier, and for whatever reasons he made the tactical decision not to do.

However, in the Court's view, Plaintiff's argument that he is being deprived of an opportunity to litigate issues relating to these witnesses in a motion *in limine* has some merit. Accordingly, the Court will allow Plaintiff to file a second motion *in limine*, not to exceed six pages in length, directed solely at issues relating to McKiernan, Klukas, Lindsey, and Levens's anticipated trial testimony.

        (ii)        *Supplementation of Mr. Montgomery's Opinions*

Plaintiff next argues that "Mr. Montgomery should be permitted to supplement his opinions regarding the adequacy of Denver's training after review of the [w]itnesses' testimony and to testify consistent with those disclosed opinions during either [Plaintiff's] case in chief or in rebuttal to any factual assertions these [w]itnesses are permitted to make during trial." (*Id.* at 3.)

As explained above in Part III.A.1, the Court remains unconvinced that its decision to allow Defendants to add McKiernan, Klukas, Lindsey and Levens as trial witnesses has any bearing on Plaintiff's failure to timely disclose Mr. Montgomery as an affirmative expert. Thus, to the extent that Plaintiff requests an opportunity to supplement Mr. Montgomery's testimony with affirmative expert testimony, that request

9

is denied.

Nonetheless, to eliminate any potential prejudice to Plaintiff as a result of Defendants' amendment of their witness list, the Court believes that Mr. Montgomery should be permitted to supplement his rebuttal expert opinions *solely* to address the anticipated testimony of these four witnesses. However, Plaintiff is on notice that Mr. Montgomery's trial testimony will remain limited to that of a true rebuttal expert. *See Mason v. Am. Family Mut. Ins. Co.*, 2020 WL 5982883, at *3 (D. Colo. Oct. 8, 2020) (recognizing that individuals designated only as rebuttal experts "may present limited testimony, may not testify as part of a party's case-in-chief, and cannot testify unless and until the testimony they were designated to rebut is given at trial" (internal quotations omitted)). Today's ruling is not to be used as a vehicle to bootstrap Mr. Montgomery's rebuttal testimony on any other topics or in response to any other witnesses.

        (iii)    *Limitation on Witnesses' Trial Testimony*

Plaintiff asks the Court to issue an order limiting McKiernan, Klukas, Lindsey, and Levens's trial testimony to "those facts disclosed during their depositions." (ECF No. 246 at 3.)

After careful consideration of this request, the Court concludes that it would be inappropriate to preemptively limit the witnesses' trial testimony at this juncture. To the extent the Court will impose any limits on these witnesses' testimony, it will do so in its ruling on Plaintiff's forthcoming second motion *in limine*.

10

**B.     Addition of New Exhibits To Defendants' Exhibit List**

Defendants seek to add to their exhibit list: (1) Denver Police Department's Use of Force Policy in effect at the time of the shooting, and (2) the three Handgun In-Service Outlines in place from 2006–2014.  (ECF No. 235 at 4.)  Plaintiff does not object to the addition of these documents to Defendants' exhibit lists.  (ECF No. 239 at 12.)

Because there is no dispute regarding the addition of these four exhibits, this portion of the Motion is granted.

**C.     Reclassifying Will-Call Witnesses to May-Call Witnesses**

Defendants contend that Derrick, Motz, and Roller are no longer necessary as will-call witnesses in light of the Court's Order Granting in Part and Denying in Part Both Defendants' Joint Motion *in Limine* and Plaintiff's Motion *in Limine.*  (ECF No. 235 at 9 ("Derrick, Motz, and Roller's personal observations of the red truck occupants' conduct might be inadmissible without a prior showing that Sgt. Motyka also had personal knowledge of that conduct.").)  They argue that "manifest justice will result if Defendants are required to call witnesses at trial who may have very limited admissible testimony to offer" and that they are concerned that the "jury and the Court will view them as wasting time, or worse, as attempting to introduce improper evidence, leading to prejudice."  (ECF No. 235 at 8.)

Plaintiff acknowledges that he listed these individuals as "may call" witnesses on his own witness list, but he states that he "relied on the Defendants' designation of the three as 'will call' witnesses to not attempt to serve trial subpoenas on them."  (ECF No. 239 at 13.)  He states that he does not oppose this request so long as the Court issues

11

an order requiring defense counsel to accept service of trial subpoenas for these three witnesses.  (*Id.* at 12.)

Because Plaintiff has also listed Derrick, Motz, and Roller as witnesses on his own witness list and may subpoena any of these witnesses in the event that he decides to call them during his case-in-chief, Plaintiff will not suffer demonstrable prejudice by Defendants' reclassification of the witnesses to may-call witness.  The Court therefore grants this portion of the Motion.  Nonetheless, the Court expects that Defendants' counsel will cooperate in facilitating the appearance of these witnesses at trial to the extent Plaintiff chooses to call them as witnesses, and will not look favorably on an unreasonable refusal of defense counsel to ensure the appearances of these witnesses at trial, if necessary.

\* \* \* \*

At this juncture, the undersigned believes that he has resolved all of the issues arising from Defendants' request to amend the Final Pretrial Order and considers this matter to be closed.  Absent truly compelling circumstances which could not reasonably have been previously anticipated by the parties, the Court WILL NOT entertain further motions by the parties on any issues raised in the Motion or this Order.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Amend the Final Pretrial Order (ECF No. 235) is GRANTED;

2. Defendants are DIRECTED to file their revised witness list on or before **July 30, 2021**;

12

3. To the extent he chooses to do so, Plaintiff is DIRECTED to file his second motion *in limine* on or before **August 6, 2021**. This motion shall not exceed six pages, exclusive of attorney signature blocks and certificate of service. Defendants shall respond to the motion *in limine* on or before **August 20, 2021**; this response will also be limited to six pages, similarly calculated. Per the Court's Revised Practice Standards, no reply will be permitted; and

4. To the extent he chooses to do so, Plaintiff is permitted to supplement Mr. Montgomery's **rebuttal** expert disclosures in the manner described herein on or before **August 6, 2021**.

Dated this 23rd day of July, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge