IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-0109-WJM-STV

MICHAEL VALDEZ,

    Plaintiff,

v.

ROBERT MOTYKA, Jr., Denver Police Officer, in his individual capacity, and
CITY AND COUNTY OF DENVER, a municipality,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S SECOND MOTION *IN LIMINE***

---

    Defendant Robert Motyka, Jr., a Denver police officer, shot Plaintiff Michael Valdez at least once at the end of a car chase on the morning of January 16, 2013. Valdez claims that Motyka opened fire after all danger had passed, in violation of the Fourth Amendment, and that Denver has failed to train its police officers to prevent such violations. Familiarity with the parties' respective versions of events, recounted elsewhere (*e.g.*, ECF No. 152), is presumed.

    Before the Court is Plaintiff's Second Motion *in Limine* ("Motion"), filed August 6, 2021. (ECF No. 256.) Defendants responded on August 23, 2021. (ECF No. 279.) For the reasons explained below, the Motion is denied.

## I. LEGAL STANDARDS

    "The admission or exclusion of evidence lies within the sound discretion of the trial court . . . ." *Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1086 (10th Cir. 1994);

*see also United States v. Golden*, 671 F.2d 369, 371 (10th Cir. 1982) ("Trial judges have discretion to decide whether an adequate foundation has been laid for the admission of evidence.").

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action." Relevant evidence is generally admissible and should only be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

## II.  ANALYSIS

In the Motion, Plaintiff seeks to preclude Defendant's Federal Rule of Civil Procedure 30(b)(6) witnesses Brad McKiernan, Craig Klukas, Darin Lindsey, and Hans Levens[1] from: (1) providing any testimony outside of the areas which the witnesses were designated for Rule 30(b)(6) depositions; (2) providing any testimony concerning topics for which the Rule 30(b)(6) witnesses were inadequately prepared to testify about or for which their counsel improperly instructed them not to answer questions; (3) providing any testimony derived from or disproved by documents that Denver refused to produce; and (4) providing testimony concerning topics for which summary judgment was granted.

---

[1] Of these four Rule 30(b)(6) witnesses, Defendants only endorsed McKiernan as a "may call" witness.  (ECF No. 271.)

### A.  Testimony Outside of Areas for Which the Technicians Were Designated

Plaintiff argues that because Defendants' later-filed Rule 26 disclosures for Klukas, Lindsey, and Levens exceeded their Rule 30(b)(6) deposition topics, the Court should not permit these witnesses to testify outside of the areas for which they were designated as Rule 30(b)(6) witnesses.  (ECF No. 256 at 2.)

This portion of the Motion is denied as moot because Defendants have not endorsed Klukas, Lindsey, or Levens on their witness list.[2]  (ECF No. 271.)

### B.  Limiting Witness Testimony Based on Events Occurring During Their Depositions

In its Order Granting Defendants' Motion to Amend the Final Pretrial Order ("Prior Order"), the undersigned rejected Plaintiff's argument that Defendants' late addition of the Rule 30(b)(6) witnesses to their witness list deprived Plaintiff of any opportunity to litigate any purported discovery violations.  (ECF No. 247 at 8–9.)  As the Court reasoned in the Prior Order:

> The Court is unpersuaded that Plaintiff has been deprived of any opportunity to file any Rule 37 motions or litigate any issues concerning discovery violations.  Especially given the significant delays in this litigation (the oldest pending civil case on the Court's docket) resulting from the unfortunate death of Judge Matsch, as well as the extraordinary delays engendered by the Covid pandemic, Plaintiff has far and away had more than ample opportunity to pursue these issues earlier, and for whatever reasons he made the tactical decision not to do.

(*Id.* at 9.)

Nonetheless, in the Motion, Plaintiff now seeks to limit the Rule 30(b)(6)

---

[2] In the Motion, Plaintiff does not identify any instances in which McKiernan's Rule 26 disclosures exceeded his Rule 30(b)(6) deposition topics.  (ECF No. 256 at 2.)  As such, the Court will not analyze this issue.

witnesses' trial testimony based on purported discovery violations. (*See* ECF No. 256 at 3–6.) Plaintiff effectively concedes that the Motion is a poorly disguised Rule 37 motion for sanctions by arguing that the Court may "sanction a party that has failed to satisfy its Rule 30(b)(6) duties by limiting the evidence it could present, either by forbidding it from calling witnesses who would offer testimony inconsistent with that given by the one it designated, or by forbidding it from presenting evidence on topics listed in the Rule 30(b)(6) notice on which it did not provide proper discovery." (*Id.* at 4 (quoting Wright, Miller, & Marcus, *Fed. Prac. & Proc. Civ.* § 2103 (3d ed.).)

Because Plaintiff's request to limit trial testimony on the basis of discovery violations flies directly in the face of the Court's Prior Order, this portion of the Motion is denied.[3]

## C.      Testimony Regarding Documents that Denver Refused to Produce

Plaintiff argues that the Rule 30(b)(6) witnesses "should be precluded from testifying about documents they reviewed to prepare for their testimony but that Denver refused to produce." (ECF No. 256 at 6.) In their response, Defendants represent that "[s]hould he be called to testify, Technician McKiernan will not be asked to testify about

---

[3] The Court further notes that although Plaintiff argues that the deposition transcripts are "replete with examples of either inadequate witness preparation of or counsel's obstructionist objections and instructions not to answer," he provides only "samples of the problems" and does not identify every portion of the testimony that he seeks to preclude. (ECF No. 256 at 3.) To rule on Plaintiff's request, the Court would effectively be required to go through hundreds of pages of deposition testimony to determine whether McKiernan was properly prepared for his Rule 30(b)(6) testimony or was improperly instructed to answer specific questions. Such a request is wholly inappropriate as an initial matter and is even more egregious mere weeks before trial begins. *See Health Grades, Inc. v. MDx Med., Inc.*, 2013 WL 1777575, at *5 (D. Colo. Apr. 25, 2013) (recognizing that party's "delay in seeking relief, combined with its decision to seek evidentiary sanctions at trial rather than an order compelling discovery" evidences an "overreaching by the party seeking discovery"); *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) (denying motion to compel and request for sanctions where plaintiff ignored discovery remedies for months and only sought relief on the eve of trial).

the contents of undisclosed documents." (ECF No. 279 at 5.)

Based on Defendants' representation, the Court concludes there is no continuing evidentiary dispute regarding this testimony. This portion of the Motion is therefore denied as moot.

**D.     Testimony Concerning Topics For Which Summary Judgment Was Granted**

Plaintiff argues that "[a]s to witnesses Klukas, Lindsey, Levens, it is unclear what, if any, relevant and admissible testimony the three technicians intend to offer at the trial," and he seeks to preclude any "testimony concerning topics for which summary judgment was granted." (ECF No. 256 at 6.) Plaintiff further states that

> [t]o the extent the Court permits testimony on these topics, and Mr. Valdez's expert opines on rebuttal that the trainings in these areas were inadequate, Mr. Valdez believes such testimony will open the door to other evidence on the same topic. In particular, he will seek leave of the Court to (a) reconsider its summary judgment ruling on municipal liability theories numbered (iii), (vi) and (ix) (*see* Dkt. 224 at 18, 21 & 23) and (b) submit those additional theories of municipal liability to the jury.

(*Id.* at 7 n.3.)

As an initial matter, this portion of the Motion is denied as moot because Defendants have not endorsed Klukas, Lindsey, or Levens on their witness list. (ECF No. 271.) Moreover, Plaintiff is on notice that the Court will not entertain any motions for the Court to reconsider its summary judgment rulings at trial. As the undesigned took pains to emphasize at the Final Trial Preparation Conference, in comments directed at all parties, it has issued numerous orders in this litigation and expects at trial for the parties to abide by the limits and directives contained in those rulings.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Second Motion *in Limine* (ECF No. 256) is DENIED.

Dated this 2nd day of September, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge