IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-0109-WJM-STV

MICHAEL VALDEZ,

    Plaintiff,

v.

ROBERT MOTYKA, Jr., Denver Police Officer, in his individual capacity, and
CITY AND COUNTY OF DENVER, a municipality,

    Defendants.

---

**ORDER DENYING DEFENDANTS' EMERGENCY MOTION TO CONTINUE TRIAL**

---

    Before the Court is Defendants' Emergency Motion to Continue Trial ("Motion"), filed September 8, 2021. (ECF No. 294.) In the Motion, Defendants represent that Sergeant Motyka tested positive for COVID-19 on September 8, 2021, and that all attorney members of the trial team were exposed to Sergeant Motyka while he was infected but before he was symptomatic. (*Id.* at 1–2.) On September 9, 2021, the Court requested supplemental information from Defendants (ECF No. 296), which Defendants provided (ECF No. 298). Plaintiff opposes the Motion. (ECF No. 297.) For the reasons explained below, the Motion is denied.

    A continuance rests in the sound discretion of the district court. *See United States v. McClaflin*, 939 F.3d 1113, 1117 (10th Cir. 2019), *cert. denied,* 140 S. Ct. 1214 (2020). In determining whether a continuance is necessary, the Court considers the following four factors: (1) the diligence of the party seeking the continuance; (2) the

likelihood the continuance, if granted, would have accomplished the stated purpose; (3) the inconvenience to the opposing party, witnesses, and the court; and (4) the need for the continuance and any harm resulting from its denial.  *Id.* (citing *United States v. Glaub,* 910 F.3d 1334, 1345 (10th Cir. 2018)). "The final factor is the most important." *Id.* (quoting *United States v. Orr,* 692 F.3d 1079, 1100 (10th Cir. 2012)).

While the Court recognizes that the requested continuance does not arise from a lack of diligence by Defendants, and that the denial of the requested continuance may cause some harm to Defendants, the Court concludes that the need for a continuance is substantially outweighed by the resulting prejudice and inconvenience to the Plaintiff, as well as the related inconvenience to the witnesses and the Court.

This civil rights action arises from events that occurred on January 16, 2013—over 8 ½ years ago—and is now by far the oldest action, civil or criminal, on the undersigned's docket.  During this time, witnesses have retired, relocated out of state, or passed away, and memories have undoubtedly dimmed.  (ECF No. 297 at 2.) Counsel for both parties have already spent an extraordinary amount of time and resources preparing this case for trial to commence on September 13, 2021.

This action has already been continued twice due to the COVID-19 pandemic. (ECF Nos. 218, 231.)  Given the substantial trial backlog as a result of the pandemic, the undersigned is likely unable to reschedule this three-week trial for any time prior to mid-2022 at the earliest.  Even if the Court were to grant Defendants' Motion, there is unfortunately no guarantee that the COVID-19 pandemic situation will have improved by the next trial setting.

In the Motion, Defendants represent that Sergeant Motyka first began exhibiting symptoms of COVID-19 on Friday, September 4, 2021. (ECF No. 294 at 3.) Given that he has now tested positive for COVID-19, pursuant to the current guidance from the Centers for Disease Control and Prevention ("CDC"), Sergeant Motyka can emerge from isolation and attend trial as soon as: (1) 10 days have passed since his symptoms first appeared; (2) 24 hours have passed with no fever without the use of fever-reducing medications; and (3) his other symptoms of COVID-19 are improving. *See* CDC, "Quarantine and Isolation," at https://www.cdc.gov/coronavirus/2019-ncov/your-health/quarantine-isolation.html (last updated June 29, 2021). Based on this guidance, it is likely that Sergeant Motyka will be able to attend trial as soon as Wednesday, September 15, 2021. His inability to attend trial in person will thus be limited to only the first two days of trial.

During any portion of the trial in which Sergeant Motyka is unable to attend in person, the Court will: (1) allow Sergeant Motyka to listen and follow along with the proceedings over the public access line; and (2) allow defense counsel reasonable opportunities to consult with Sergeant Motyka by e-mail, text or mobile phone.

The Court further believes that defense counsel still has ample opportunity to finalize their trial preparations. Because all attorney members of the defense team were fully vaccinated when they were exposed to COVID-19, CDC guidance does not require them to quarantine unless they have symptoms. (*Id.*) Notwithstanding Defendants' assertions that the events underlying the Motion have caused a "substantial disruption to their preparations" (ECF No. 294 at 5), the Court notes that all attorney members of the trial team have still been able to interact with each other in person for multiple hours

3

a day and engage in trial preparations (ECF No. 298 at 2).[1]  Moreover, while the Court recognizes that the days leading up to trial are busy for counsel in any case, the undersigned notes that defense counsel have *years* of familiarity with this action, and they have already submitted all of their pretrial deliverables, including their proposed stipulated and disputed jury instructions, proposed voir dire questions, proposed verdict form, witness lists, exhibit lists, and deposition designations.

After carefully considering the parties' arguments in the Motion, Plaintiff's response, and Defendants' supplemental statement, the Court concludes that a continuance is not warranted, primarily due to the extraordinary prejudice that would be inflicted on the Plaintiff as a result.  Accordingly, for the reasons set forth above, the Court ORDERS that Defendants' Emergency Motion to Continue Trial Date (ECF No. 294) is DENIED.

Dated this 9th day of September, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[1] Because this trial is scheduled to last 12 days with no trial held on Friday, September 24, 2021 (ECF No. 231), counsel will also have opportunities to prepare during trial.