**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 15-cv-0109-WJM-STV

MICHAEL VALDEZ,

    Plaintiff,

v.

ROBERT MOTYKA, Jr., Denver Police Officer, in his individual capacity, and
CITY AND COUNTY OF DENVER, a municipality,

    Defendants.

---

**FINAL JURY INSTRUCTIONS**

---

## PART I: GENERAL INSTRUCTIONS & EVIDENTIARY CONSIDERATIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every civil case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the

jury room, so you need not take notes.[1]

---

[1] Tenth Circuit Criminal Pattern Jury Instructions § 1.03.

## JURORS' DUTIES

In reaching your decision as to the facts, it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

You are not to be concerned with the wisdom of any rule of law stated by me. It would be a violation of your oath to base your verdict on anything other than the law as presented in these instructions and the facts as you find them. Counsel may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law as stated by counsel or in the exhibits, and that stated by me in these instructions, my instructions prevail. The law contained in these instructions is the law that must govern your deliberations in this case.

Finally, it is your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.[2]

---

[2] Tenth Circuit Criminal Pattern Jury Instructions § 1.04.

## **EVIDENCE—DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.[3]

---

[3] Tenth Circuit Criminal Pattern Jury Instructions § 1.06.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.[4]

---

[4] Tenth Circuit Criminal Pattern Jury Instructions § 1.07.

## PREPONDERANCE OF THE EVIDENCE

At the beginning of this case, I talked to you about the difference between a criminal and a civil case with respect to the burden of proof.  At least some of you may have heard of the term "proof beyond a reasonable doubt."  Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases.  It does not generally apply in civil cases such as this.  You should, therefore, put it out of your minds.[5]

In a civil case, such as this one, the burden of proof is preponderance of the evidence.  To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not.[6]  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[7]

---

[5] 3 Fed. Jury Prac. & Instr. § 104.01 (5th ed.).

[6] CJI-Civ. 3:1 (CLE 2011).

[7] 3 Fed. Jury Prac. & Instr. § 104.01 (5th ed.).

6

## **STIPULATIONS**

You have heard me say that the parties have stipulated to certain facts.  This agreement makes the presentation of any evidence to prove this fact unnecessary.  The agreement means that you must accept these facts as true.

In this case, the parties have stipulated to the following facts:

1.      At all times relevant to this case, Defendant Robert Motyka, a Denver Police Officer, was acting under color of state law.

2.      The City and County of Denver is a municipality which operates a police Department.[8]

---

[8] Colorado Jury Instructions—Civil § 1:13; Parties' Stipulated Instruction No. S1 (adopted).

## JUROR'S FINDINGS—PROBABILITIES

Any finding of fact you make must be based on probabilities, not possibilities.

You should not guess or speculate about a fact.[9]

---

[9] CJI - Civil 3.4 (CLE ed. 2005).

## CREDIBILITY OF WITNESSES

You are not required to accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.

You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions:

- Did the witness impress you as honest?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome in this case?

- Did the witness have any relationship with either party?

- Did the witness seem to have a good memory?

- Did the witness clearly see or hear the things about which he/she testified?

- Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from the testimony of other witnesses?

When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in

9

this case, do not make any decisions simply because there were more witnesses on one side than on the other.[10]

---

[10] Tenth Circuit Criminal Pattern Jury Instructions § 1.08 (modified).

## **LAW ENFORCEMENT OFFICER TESTIMONY**

During trial, you have heard the testimony of law enforcement officers.  The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.  You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.[11]

---

[11] Mod. Crim. Jury Instr. 3rd Cir. 4.18 (2020); Pattern Civ. Jury Instr. 5th Cir. 2.15 (2014); Plaintiff's Disputed Instruction No. 1 (modified).

## IMPEACHMENT BY PRIOR INCONSISTENCIES

During the examination of a number of the witnesses that testified in this case, you have heard that, before this trial, that witness made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was.  You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.[12]

---

[12] Tenth Circuit Criminal Pattern Jury Instructions § 1.10; *Cox v. Wilson,* 15-cv-00128-WJM-NYW (D. Colo. Aug. 23, 2018) (ECF 301 at 11).

Page Intentionally Left Blank

## ORAL STATEMENTS OR ADMISSIONS

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care.  The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.

However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.[14]

---

[14] 3 Fed. Jury Prac. & Instr. § 104.53 (5th ed.).

## **USE OF DEPOSITIONS**

During the trial, certain testimony has been presented by way of deposition. A deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand, may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.[15]

---

[15] 3 Fed. Jury Prac. & Instr. § 105.02 (5th ed.) (adopted); Plaintiff's Disputed Instruction No. 2 (modified).

## **EXPERT WITNESS**

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

During the trial you heard the testimony of Shawn O'Toole, Charles Reno, James Downs, and Dan Montgomery, who were designated as expert witnesses.  You are not required to accept their opinions.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.[16]

---

[16] Tenth Circuit Pattern Jury Instructions—Criminal  § 1.17 (modified); Parties' Stipulated Instruction No. S2 (adopted).

## **EQUAL STANDING**

This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons, including municipalities, stand equal before the law, and are to be dealt with as equals in a court of justice.[17]

---

[17] O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 103.12 (5th ed. 2000).

## ALL AVAILABLE WITNESSES NEED NOT BE PRODUCED

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.[18]

---

[18] 3 Fed. Jury Prac. & Instr. § 105.11 (5th ed.); Defendants' Disputed Proposed Instruction R (adopted).

## **NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.[19]

---

[19] 3 Fed. Jury Prac. & Instr. § 104.54 (5th ed.).

## LAWYERS' OBJECTIONS

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

Do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.[20]

---

[20] Sixth Circuit Criminal Pattern Jury Instructions § 1.09.

## PART II: ELEMENTS OF CAUSE OF ACTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  Now I will explain the elements of the claims at issue here—an excessive force claim against Defendant Robert Motyka and a failure to train claim against Defendant City and County of Denver.[20]

---

[20] O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 165:10 (modified); Plaintiff's Disputed Instruction 3 (modified); Defendants' Disputed Instruction A (modified).

## <u>FOURTEENTH AMENDMENT & 42 U.S.C. § 1983 ("SECTION 1983")</u>

The federal civil rights act under which Plaintiff Michael Valdez brings this suit was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution.

The Fourteenth Amendment to the Constitution provides that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

As a matter of law, under the United States Constitution every person has the constitutional right not to be subjected to unreasonable force while being stopped by a law enforcement officer, even though such stop is otherwise made in accordance with the law.

Section 1983, the federal civil rights statute under which Plaintiff Michael Valdez sues provides that:

> Every person who under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, under Section 1983, a person may seek relief in this Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured

22

or protected by the Constitution or laws of the United States.[21]

---

[21] O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 165:10 (modified); Parties' Stipulated Instruction No. S3 (adopted).

## CLAIM 1: EXCESSIVE FORCE CLAIM AGAINST DEFENDANT MOTYKA

In order to prove Claim 1 against Defendant Robert Motyka, the burden is upon Plaintiff Michael Valdez to establish by a preponderance of the evidence each of the following elements:

*First*, Defendant Robert Motyka deprived Plaintiff Michael Valdez of his federal Constitutional right not to be subjected to unreasonable force while being stopped;

*Second*, Defendant Robert Motyka acted under the color of state law; and

*Third*, Defendant Robert Motyka's acts were the proximate cause of damages sustained by Plaintiff Michael Valdez.

Because Defendant Robert Motyka was a law enforcement officer of the Denver Police Department at the time of the acts in question, the parties agree that he was acting under color of state law. In other words, the second element above is satisfied, and you need only address the first and third elements.[22]

If you find that Plaintiff has not proven either the first or third elements of this claim against Defendant Robert Motyka by a preponderance of the evidence, then your verdict must be for Defendant Robert Motyka on this claim. On the other hand, if you find that Plaintiff has proven both the first and third elements of this claim against Defendant Robert Motyka by a preponderance of the evidence, then your verdict must be in favor of Plaintiff Michael Valdez on this claim.

---

[22] *Cox v. Wilson,* 15-cv-00128-WJM-NYW (D. Colo. Aug. 23, 2018) (ECF 301 at 21); O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 165:20 (6th ed. Feb. 2020 update); Plaintiff's Disputed Instruction 4 (modified); Defendants' Disputed Instruction B (modified).

## **FACTORS TO CONSIDER WHEN DETERMINING WHETHER PLAINTIFF HAS PROVEN THE ELEMENTS OF CLAIM 1**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being stopped by police officers.  In other words, a law enforcement official may only use the amount of force necessary under the circumstances to conduct a stop.  Every person has the constitutional right not to be subjected to excessive force while being stopped by police, even if the stop is otherwise proper.

In this case, Plaintiff Michael Valdez claims Defendant Robert Motyka violated his Fourth Amendment rights by using deadly force against him.  An officer may not use deadly force to prevent a suspect from escaping unless deadly force is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others.  Also, the officer must give the suspect a warning before using deadly force if it is feasible under the circumstances to give such a warning.

In determining whether Plaintiff Michael Valdez has prevailed on his claim of a violation of the Fourth Amendment for unreasonable use of deadly force by Defendant Robert Motyka, you may consider whether he has proven at least one of the following:

- that deadly force was not necessary to prevent Plaintiff Michael Valdez from escaping;

- that Defendant Robert Motyka did not have probable cause to believe that Plaintiff Michael Valdez posed a significant threat of serious physical injury to Defendant or others; or

- that it would have been feasible for Defendant Robert Motyka to give Plaintiff Michael Valdez a warning before using deadly force, but Defendant Robert Motyka did not do so.

You should consider all the relevant facts and circumstances Defendant Robert Motyka reasonably believed to be true at the time of the encounter. In the end the inquiry is always whether, from the perspective of a reasonable officer on the scene, the totality of the circumstances justified the use of deadly force at the time of the stop.

The reasonableness of Defendant Robert Motyka's acts must be judged from the perspective of a reasonable officer on the scene at the time of the stop, that is, the shooting. One of the factors you should consider is whether Defendant Robert Motyka reasonably believed he was in danger at the time he used deadly force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments about the amount of force that is necessary in a particular situation in circumstances that are sometimes tense, uncertain, and rapidly evolving.

Plaintiff Michael Valdez must prove Defendant Robert Motyka intended to commit the acts in question; but apart from that requirement, Defendant Robert Motyka's actual motivation is irrelevant. If the force Defendant Robert Motyka used was unreasonable, it does not matter whether he had good motivations. On the other hand, a law enforcement officer's improper motive will not establish excessive force if the force used was objectively reasonable.[23]

---

[23] *Cox v. Wilson*, 15-cv-00128-WJM-NYW (D. Colo. Aug. 23, 2018) (ECF No. 301 at 23); *Graham v. Connor*, 490 U.S. 386, 396–97 (1989) (The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.); Plaintiff's Disputed Instruction 4 (modified); Plaintiff's Disputed Instruction No. 5 (modified); Defendants' Disputed Proposed Instruction C (modified).

## **PROBABLE CAUSE**

To determine whether Defendant Robert Motyka had probable cause to believe that Plaintiff Michael Valdez posed a significant threat of death or serious physical injury to Defendant Robert Motyka or others, you should consider whether the facts and circumstances available to Defendant Motyka would warrant a reasonable police officer to believe Plaintiff Valdez posed such a threat.  This determination of probable cause is based on the totality of the circumstances and requires reasonably trustworthy information available to Defendant Robert Motyka.[24]

---

[24] *Cox v. Wilson*, 15-cv-00128-WJM-NYW (D. Colo. Aug. 23, 2018) (ECF No. 301 at 24); O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 165.24 (6th ed. 2020) (modified); Defendants' Disputed Proposed Instruction E (modified); Plaintiff's Disputed Instruction No. 6 (modified).

## **PROXIMATE CAUSE**

The third element of Claim 1 requires Plaintiff Michael Valdez to prove by a preponderance of the evidence that Defendant Robert Motyka's actions proximately caused the damages that Plaintiff Michael Valdez alleges that he sustained.

An injury or damage is proximately caused by an act whenever it appears from the evidence in the case that the act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.[25]

---

[25] O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. §§ 128.70 & 165.50 (6th ed. 2020) (modified); Plaintiff's Disputed Instruction 7 (modified); Defendants' Disputed Proposed Instruction F (adopted).

## CLAIM 2: FAILURE TO TRAIN CLAIM

If you find that Plaintiff Michael Valdez has proven that Defendant Robert Motyka violated Plaintiff's constitutional right to be free from excessive force, you must next consider whether Plaintiff has proven his claim that Defendant City and County of Denver failed to train its police officers that force will not be used either: (1) as a means of retaliation, punishment or unlawful coercion; or (2) out of adrenaline, or anger, after having been shot at or struck during a citizen encounter.

To prevail on Claim 2 against Defendant City and County of Denver, Plaintiff Michael Valdez must prove by a preponderance of the evidence both that Defendant Robert Motyka violated Plaintiff's Michael Valdez's constitutional rights as instructed in Claim 1, as well as the following three elements:

*First*, for at least five years prior to January 16, 2013, Defendant City and County of Denver had a policy or custom involving deficient training in the use of force during or after a citizen encounter in which the officer is shot at or struck, in that it: (a) failed to train its police officers that deadly force will not be used as a means of retaliation, punishment or unlawful coercion; or (b) failed to train and refresh its police officers that deadly force will not be used out of adrenaline or anger;

*Second*, Defendant City and County of Denver's deficient training directly caused or was the moving force behind Plaintiff Michael Valdez's injuries; and

*Third*, Defendant City and County of Denver adopted its policy or custom of deficient training with deliberate indifference to Plaintiff's constitutional rights.

If you find that Plaintiff has not proven any of the three elements against

Defendant City and County of Denver by a preponderance of the evidence, then your verdict must be for Defendant City and County of Denver on this claim.  On the other hand, if you find that Plaintiff has proven all three of the elements against Defendant City and County of Denver by a preponderance of the evidence, then your verdict must be in favor of Plaintiff Michael Valdez on this claim.[26]

---

[26] *Lance v. Morris*, 985 F.3d 787, 800 (10th Cir. 2021); Plaintiff's Second Disputed Instruction No. 8 (modified); Plaintiff's Second Disputed Instruction No. 9 (modified); Defendants' (Revised) Disputed Proposed Instruction G (modified).

## CAUSATION

To determine whether Plaintiff has established the second element of Claim 2, Plaintiff Michael Valdez must prove that the identified deficiency in Defendant City and County of Denver's training program was so closely related to the ultimate injury that it actually caused the constitutional violation.  In other words, you must decide whether Defendant Robert Motyka would not have committed an unlawful use of deadly force had he been properly trained in the ways that Plaintiff Michael Valdez has identified in the first element of Claim 2.[27]

---

[27] *Carr v. Castle*, 337 F.3d 1221, 1231 (10th Cir. 2003) ("It is when execution of a government's policy or custom ... inflicts the injury that the government as an entity is responsible under § 1983. Therefore, in order for liability to attach in a failure to train case, the identified deficiency in a city's training program must be closely related to the ultimate injury, so that it actually caused the constitutional violation."); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 391 (1989) (recognizing that plaintiff "must show the injury [would] have been avoided had the employee been trained under a program that was not deficient in the identified respect"); Plaintiff's Disputed Instruction No. 10 (modified); Defendants' (Revised) Disputed Proposed Instruction J (modified).

## DELIBERATE INDIFFERENCE

"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.  Deliberate indifference requires more than negligence or ordinary lack of due care.  It may be shown when a municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm.  Moreover, deliberate indifference can occur when a municipality fails to train its employees to handle recurring situations presenting an obvious potential for such a violation.

To show that Defendant City and County of Denver acted with deliberate indifference, Plaintiff Michael Valdez must prove each of the following by a preponderance of the evidence:

*First*, that the Defendant City and County of Denver's policymakers know to a moral certainty that its police officers will confront a situation like the incident in this case;

*Second*, that the situation presents police officers with a difficult choice of the sort that training or supervision will make less difficult; and

*Third*, that the wrong choice will frequently cause the deprivation of a citizen's constitutional rights.[28]

---

[28] O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 165:41 (6th ed.); *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) ("The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."); *Allen v. Muskogee*, 119 F.3d 837, 842 (10th Cir. 1997) (recognizing that "evidence of a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, is sufficient to trigger municipal liability"); *Lance v. Morris*,

## COMPENSATORY AND NOMINAL DAMAGES

If you find in favor of Plaintiff Michael Valdez either on Claim 1 and/or Claim 1 and Claim 2, you must determine Plaintiff's damages. Plaintiff Michael Valdez has the burden of proving damages by a preponderance of the evidence.

Damages must be reasonable. If you find Plaintiff Michael Valdez is entitled to a verdict, you may award Plaintiff Valdez only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, that Plaintiff Valdez has sustained as a proximate result of the January 16, 2013 incident.

Damages may not be based on speculation or sympathy. You must not include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future. Damages must be based on the evidence presented at trial and only that evidence.

You should consider the following elements of damage to the extent you find them proved by a preponderance of the evidence:

1.     The reasonable costs of Plaintiff Michael Valdez's past and future medical care; and

2.     Plaintiff Michael Valdez's physical or emotional pain and mental anguish.

If you find for Plaintiff Michael Valdez, but you find he has failed to prove actual damages, you shall return an award of nominal damages not to exceed one dollar. The mere fact a constitutional deprivation has been shown to have occurred is an injury to

---

985 F.3d 787, 801–02 (10th Cir. 2021) (adopting three-part test for deliberate indifference from *Walker v. City of N.Y.*, 974 F.2d 293, 297–98 (2d Cir. 1992)), Plaintiff's Amended Disputed Instruction No. 11 (modified); Defendants' Disputed Proposed Instruction K (modified).

the person entitled to enjoy that right, even when no actual damages flow from the deprivation.[29]

---

[29] *Cox v. Wilson,* 15-cv-00128-WJM-NYW, (D. Colo. Aug. 23, 2018) (ECF 301 at 26); O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. §§ 128:60, 165.70 (6th ed. Feb. 2020) (modified to reflect categories of claimed damages); Plaintiff's Amended Disputed Instruction No. 12 (modified); Defendants' Disputed Proposed Instruction L (modified); Parties' Stipulated Instruction No. S4 (modified).

## DAMAGES—NO PRESUMPTION OF LIABILITY

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so you will have guidance should you decide that the Plaintiff is entitled to recover damages on his claims.  If you should find for the Defendants on both claims, these instructions regarding damages should be disregarded.[30]

---

[30] *Estate of Walter v. Board of Cnty. Comm'rs of the Cnty. of Fremont*, 16-cv-0629-WJM-STV (ECF No. 362 at 24); Defendants' Disputed Proposed Instruction M (modified).

## AVOIDANCE OF DOUBLE RECOVERY

Plaintiff Michael Valdez has sued two Defendants.  If you find for the Plaintiff against both Defendants, you may nonetheless award compensatory damages only once for the same injury.  You may not award twice the amount of damages simply because one injury was inflicted by two Defendants.[31]

---

[31] *Sanchez v. Duffy et al.*, 13-cv-1945-WJM-SKC (Dec. 6, 2018) (ECF No. 381 at 32); Defendants' Disputed Proposed Instruction N (modified).

## PUNITIVE DAMAGES

In addition to the damages mentioned in other instructions, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of Plaintiff Michael Valdez and against Defendant Robert Motyka and if you find that Defendant Robert Motyka's conduct is shown to be motivated by evil motive or intent, or involves reckless or callous indifference to Plaintiff Michael Valdez's constitutional rights, then you may award Plaintiff Michael Valdez punitive damages on Claim 1 only.  Whether to award Plaintiff Michael Valdez punitive damages and the amount of those damages are within your sound discretion.  Punitive damages may be awarded even if the violation of Plaintiff Michael Valdez's rights resulted in only nominal damages.[32]

---

[32] O'Malley, Grenig & Lee, 3B Fed. Jury Prac. & Instr. § 165:71 (6th ed.) (adopted); *Smith v. Wade*, 461 U.S. 30, 56 (1983) ("We hold that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others"); *Burke v. Regalado*, 935 F.3d 960, 1037 (10th Cir. 2019) (same); Plaintiff's Disputed Instruction No. 15 (modified).

## PART III: DELIBERATION AND VERDICT FORM

That concludes the part of my instructions explaining the law that applies in this case.  Now let me finish up by explaining some things about your deliberations in the jury room and your possible verdicts.

## DUTY TO DELIBERATE

After the parties' closing statements, the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.

To reach a verdict, whether for the Plaintiff or for one or both the Defendants, all of you must agree.  Your verdict must be unanimous.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

The Court has prepared a Verdict Form for your convenience.  It reads as follows:

**[Explain the Verdict Form]**

After you have deliberated and consulted with each other, the foreperson will

39

write the unanimous answer of the jury in response to each question on the Verdict Form.

Only one copy of this Verdict Form will be provided to you.  If you make an error on the Form, please tell the bailiff.  The bailiff will destroy the erroneous form and a blank form will be provided.[33]

---

[33] Tenth Circuit Pattern Jury Instructions—Criminal § 1.23 (2011) (modified).

## COMMUNICATION WITH THE COURT

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the bailiff, who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.[34]

---

[34] Tenth Circuit Pattern Jury Instructions—Criminal § 1.44.