IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-0109-WJM-STV

MICHAEL VALDEZ,

    Plaintiff,

v.

ROBERT MOTYKA, Jr., Denver Police Officer, in his individual capacity, and
CITY AND COUNTY OF DENVER, a municipality,

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST**

---

On September 23, 2021, a jury awarded Plaintiff Michael Valdez $131,000 against Defendant Robert Motyka and $2,400,000 against Defendant City and County of Denver ("Denver") (jointly, "Defendants").  (ECF No. 329.)

Before the Court is Plaintiff's Motion for Prejudgment Interest ("Motion"), filed October 5, 2021.  (ECF No. 335.)  Defendants responded on October 12, 2021 (ECF No. 337), and Plaintiff replied on October 18, 2021 (ECF No. 338).  For the reasons explained below, the Motion is granted in part and denied in part.

### I. LEGAL STANDARD

"The award of prejudgment interest under federal law 'is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of judgment.'"  *Zuchel v. City & Cnty. of Denver, Colo.*, 997 F.2d 730, 746 (10th Cir. 1993) (quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d

1223, 1256 (10th Cir. 1988)).  Although prejudgment interest is ordinarily awarded in a federal case, it is not recoverable as a matter of right.  *Id.*  Instead, an award of prejudgment is governed by a two-step analysis: "First, the trial court must determine whether an award of prejudgment interest would serve to compensate the injured party.  Second, when an award would serve a compensatory function, the court must still determine whether the equities would preclude the award of prejudgment interest."  *White v. Chafin*, 862 F.3d 1065, 1068 (10th Cir. 2017) (quoting *Zuchel*, 997 F.2d at 746).

## II. ANALYSIS

**A.    Whether Prejudgment Interest Would Serve to Compensate Plaintiff**

Plaintiff argues that the Court should award prejudgment interest on: (1) $130,844—the amount of the medical bills that Plaintiff incurred—from January 16, 2013 to September 23, 2021; and (2) the remaining $2,400,156 in damages awarded by the jury from August 1, 2016 to September 23, 2021.  (ECF No. 335 at 12.)  Plaintiff asserts that prejudgment on the second amount is "based on the significant amount of pretrial delay caused by successive defense appeals, overestimation by the defense of necessary trial days, and the defense requested continuance of the July 2020 trial," which allowed Defendants to "unfairly and unjustly[] maintain[ ] the use and benefit of the money to Mr. Valdez's detriment."[1]  (*Id.* at 2.)  Plaintiff further argues that "[a]ll

---

[1] Plaintiff selected August 1, 2016 as a requested beginning date for prejudgment interest, which is approximately 18 months from the date he filed the lawsuit; according to Plaintiff, this is the recommended time for a case to be scheduled for trial.  (ECF No. 335 at 10.)  In support, he cites a Frequently Asked Questions webpage for the U.S. Courts that recognizes that "[o]ne goal established under the legislation is for each civil case to be scheduled for trial within 18 months of filing the complaint."  (*Id.*; U.S. Courts, FAQs: Filing a Case, available at https://www.uscourts.gov/faqs-filing-case).)  However, as Defendants point out, the average

prejudgment interest should be awarded against both Defendants jointly and severally." (*Id.*)

Defendants respond that an award of prejudgment interest on Plaintiff's non-economic damages is both unnecessary, inequitable, and inconsistent with controlling Tenth Circuit precedent. (ECF No. 337 at 2–3.) Defendants further argue that deterrence is not a proper justification for awarding prejudgment interest generally, or specifically here, as Defendants are not solely responsible for the delays in this case. (*Id.* at 6–7.) Finally, Defendants assert that there is no basis for the Court to impose joint-and-several liability for prejudgment interest. (*Id.* at 9–10.)

The Court concludes that an award of prejudgment interest on Plaintiff's medical bills would serve to compensate Plaintiff for being deprived of the monetary value of his loss from the date of his injury to judgment. *See Zuchel*, 997 F.2d at 746. However, after carefully considering the parties' arguments, the Court cannot conclude that Plaintiff is entitled to prejudgment interest on his non-economic damages.

Numerous courts within the Tenth Circuit have found "the notion of prejudgment interest to be incompatible with the concept of non-economic damages." *White v. Wycoff*, 2016 WL 9632932, at *2 (D. Colo. July 7, 2016) (quoting *Clawson v. Mt. Coal Co.*, 2007 WL 201253, at *14 (D. Colo. Jan. 24, 2007)); *see also Hall v. Terrell*, 648 F. Supp. 2d 1229, 1232 (D. Colo. 2009) (recognizing that although plaintiff's injuries were horrific, her emotional distress, mental anguish, and suffering did not "deprive [her] of the monetary value of [her] loss from the time of the loss to the payment of the judgment" and that an award of prejudgment interest on this portion of the judgment

---

time in the District of Colorado from civil case filing to jury trial in 2019 was 30.97 months. (ECF

3

would "duplicate damages already awarded"); *Chatman v. Buller*, 2013 WL 5729603, at *3 (E.D. Okla. Oct. 22, 2013) (same).

As the court explained in *White*,

> [p]rejudgment interest is designed to compensate a plaintiff for the monetary value of his loss from the time of the injury until the payment of judgment. Put differently, the doctrine of prejudgment interest recognizes the time value of money, and compensates for lost value that would have otherwise accrued had the plaintiff been able to invest or gather interest on monies that were lost as a result of his injury. Unlike a hard asset, such as money spent to pay medical bills arising from an injury at the hands of the police, one cannot invest undamaged feelings or emotional wellbeing in the stock market. An award of prejudgment interest on non-economic damages would therefore "imply the preposterous notion that one's suffering could, at the time, have been used as an investment vehicle."

2016 WL 9632932, at *2 (quoting *Clawson*, 2007 WL 201253, at *14); *see also Wilson v. Burlington N. R. Co.*, 803 F.2d 563, 567 (10th Cir. 1986) (McKay, M., concurring) (recognizing that an award of damages for pain and suffering "is merely the reduction of that sentimental value to dollars at the time of judgment and does not in any real or analytical sense represent the return of the loss of the use of money" and that, as such, an "award of foregone interest on these amounts would be inappropriate").

None of the cases upon which Plaintiff relies mandates a different result. Most of those cases either involve claims arising under Colorado law, *see, e.g.*, *David v. Sirius Computer Sols., Inc.*, 779 F.3d 1209, 1211 (10th Cir. 2015); *Mladjan v. Pub. Serv. Co. of Colo.*, 797 P.2d 1299, 1303 (Colo. App. 1990), or do not address the conceptual distinction between economic and non-economic damages, *see, e.g.*, *City of Milwaukee*

---

No. 337 at 9.)

*v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 195–96 (1995); *Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1077 (10th Cir. 2002); *Carr v. Fort Morgan Sch. Dist.*, 4 F. Supp. 2d 989, 997 (D. Colo. 1998). Accordingly, for the reasons set forth above, the Court will only award prejudgment interest on the amount of Plaintiff's medical bills—*i.e.*, $130,844.

Moreover, the Court will assess prejudgment interest against Defendant Motyka alone. Based on the fact that the jury returned a verdict of $131,000 against Defendant Motyka, it is evident that the jury intended that Defendant Motyka pay Plaintiff's medical bills.

B.   **Whether Equities Preclude An Award of Prejudgment Interest**

After carefully considering the history of this case and the circumstances of the parties, the Court concludes that the equities do not preclude an award of prejudgment interest. More than eight years have passed since Plaintiff was shot by Defendant Motyka on January 16, 2013. This action has been hard fought at every stage, and the Court concludes that it is equitable that Defendant Motyka pay an appropriate amount of prejudgment interest.

C.   **Applicable Prejudgment Interest Rate & Calculation**

Having determined that an award of prejudgment interest on Plaintiff's economic damages is appropriate, the Court must next determine, in its discretion, what interest rate to apply. *Kleier Advertising, Inc. v. Premier Pontiac*, *Inc.*, 921 F.2d 1036, 1042 n.4 (10th Cir. 1990) ("[b]ecause there is no federal statutory interest rate on prejudgment interest, the rate imposed will be left to the trial court's discretion."); *see also Mickelson v. Proctor*, 2017 WL 4335093, at *3 (D. Colo. Mar. 20, 2017) (recognizing that

5

neither 42 U.S.C. § 1983 nor 42 U.S.C. § 1988 addresses prejudgment interest or an applicable rate). The Court considered a number of possible applicable interest rates.

For example, because this action deals with personal injuries sustained as a result of Defendants' unconstitutional acts, the Court considered using the prejudgment interest rate for personal injury actions in Colorado, *i.e.*, nine percent simple interest from the date the action accrued to the date the suit was filed, and nine percent compounded annually from the date of the filing of the lawsuit to the date of judgment. Colo. Rev. Stat. § 13–21–101(1). However, the Tenth Circuit has held that "a federal rate of interest rather than the state rate applies where jurisdiction is based on a federal question." *Guides*, 295 F.3d at 1077. Moreover, in the undersigned's view, a nine percent interest rate is out of line with current interest rates and would result in a windfall to Plaintiff for the loss of use of his money.

The Court further considered using the postjudgment interest rate set forth in 28 U.S.C. § 1961, which is calculated at a rate equal to the weekly average 1-year constant maturity Treasury yield (currently 0.14%). *See* Bd. of Governors of the Fed. Reserve Sys., *Selected Interest Rates, available at* https://www.federalreserve.gov/releases/h15/. However, the Court concludes that this *de minimis* interest rate is not equitable either, as it would surely undercompensate Plaintiff for the loss of his money given the economic realities of the current financial environment in this country.

Therefore, as the Court has done in past cases, the undersigned will utilize the IRS underpayment rate as the applicable prejudgment interest rate. Pursuant to 26 U.S.C. § 6621(a)(2), the IRS underpayment rate is calculated as the sum of the federal short-term rate plus 3 percentage points. This underpayment rate is currently 3%. *See*

News Release, IRS, *Interest rates remain the same for the fourth quarter 2021*, *available at* https://www.irs.gov/newsroom/interest-rates-remain-the-same-for-the-fourth-quarter-2021.

The Court will calculate the prejudgment interest rate starting on January 16, 2013—the day Plaintiff sustained the injuries by Defendant Motyka—through November 1, 2021—the day the Court will enter judgment in this action.[2] At 3% compounded annually, the total prejudgment interest on Plaintiff's economic damages is $38,856.00.[3]

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Prejudgment Interest (ECF No. 335) is GRANTED IN PART AND DENIED IN PART.

---

[2] Plaintiff only requested prejudgment interest through the date of the jury's verdict. (*See* ECF No. 335 at 12.) However, the Court will award prejudgment interest through November 1, 2021, the date that judgment will be entered.

[3] The Court's calculation regarding prejudgment interest is set forth below:

| Period | Compensatory Amount | Prejudgment Interest Rate | Interest |
|---|---|---|---|
| 1/16/2013 – 1/15/2014 | $ 130,844.00 | 3% | $ 3,925.32 |
| 1/16/2014 – 1/15/2015 | $ 134,769.32 | 3% | $ 4,043.08 |
| 1/16/2015 – 1/15/2016 | $ 138,812.40 | 3% | $ 4,164.37 |
| 1/16/2016 – 1/15/2017 | $ 142,976.77 | 3% | $ 4,289.30 |
| 1/16/2017 – 1/15/2018 | $ 147,266.07 | 3% | $ 4,417.98 |
| 1/16/2018 – 1/15/2019 | $ 151,684.06 | 3% | $ 4,550.52 |
| 1/16/2019 – 1/15/2020 | $ 156,234.58 | 3% | $ 4,687.04 |
| 1/16/2020 – 1/15/2021 | $ 160,921.62 | 3% | $ 4,827.65 |
| 1/16/2021 – 11/1/2021 (290 days) | $ 165,749.26 | 3% x (290 days / 365 days in a year) | $ 3,950.74 |
| | | Total Prejudgment Interest | $38,856.00 |

Dated this 1st day of November, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge