**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0109-WJM-STV

MICHAEL VALDEZ,

    Plaintiff,

v.

ROBERT MOTYKA, Jr., Denver Police Officer, in his individual capacity, and
CITY AND COUNTY OF DENVER, a municipality,

    Defendants.

---

**ORDER REJECTING SUGGESTION OF RECUSAL AND
REQUEST FOR FURTHER INQUIRY**

---

On December 9, 2021, the Court issued an order requiring Plaintiff Michael Valdez to take certain measures to ensure that the undersigned's former law clerk, Saylor Grewe[1], who has been employed as an Associate Attorney with Haddon, Morgan and Foreman, P.C. ("HMF") since December 6, 2021, is not involved in or otherwise consulted about this lawsuit. (ECF No. 372 at 1–2.) The Court also permitted any party to file a suggestion of recusal, if appropriate. (*Id*. at 2.)

Before the Court is Defendants Robert Motyka, Jr. and the City and County of Denver's (jointly, "Defendants") Suggestion of Recusal and Request for Further Inquiry. (ECF No. 376.) For the reasons explained below, the Court rejects Defendants' suggestions.

---

[1] Ms. Grewe has now formally changed her name to Delanie Grewe.

## I.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Recusal is required when "a reasonable person, knowing all the facts, would harbor doubts about the judge's impartiality."  *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).  "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias."  *Id*.  Moreover, "[e]ven if the judge has no reason to recuse herself based upon her own circumstances, a law clerk's relationships might cause the impartiality of decisions from that judge's chambers in which the clerk participates reasonably to be questioned."  *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310–11 (10th Cir. 2015) (quoting *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1416 (9th Cir. 1995)).

However, "[t]he recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice."  *Bryce*, 289 F.3d at 659–60; *see also United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.").  There is a "substantial burden on the moving party to demonstrate that the judge is not impartial" by presenting facts that support the objective perception of potential bias.  *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004).

## II. ANALYSIS

The Court prohibited Plaintiff from allowing Ms. Grewe to: (i) have "any access to any information about this case"; (ii) "assist[] in the representation" of Plaintiff in this

case; or (iii) be consulted "in regards to any tactical or strategic decision the [HMF] may make in the course of its representation of the Plaintiff." (ECF No. 372 at 2.)  Plaintiff has certified compliance with this order; moreover, Plaintiff represents that counsel of record did not participate in the process that resulted in Ms. Grewe's offer of employment and that HMF will continue to screen Ms. Grewe from any case involving the undersigned "until the Court determines sufficient time has elapsed to allow participation by any former law clerk." (ECF No. 373 at 1–2.)

Defendants do not challenge the adequacy or effectiveness of Plaintiff's measures to implement an ethical wall for Ms. Grewe.  Defendants instead note that Plaintiff's report "does not state when Ms. Grewe received or accepted her offer of employment, nor the duration of the 'process' that led to that offer" and is "silent on the key issue of whether Ms. Grewe was negotiating for employment with Plaintiff's counsel while she was also clerking for the Court during the pendency of [Plaintiff's] trial or post-trial proceedings." (ECF No. 376 at 2.)  Moreover, Defendants note that they do "not know when Ms. Grewe disclosed to the Court her interest in seeking employment with HMF" and that "only Ms. Grewe and the Court know the extent of her role in the Court's consideration of the many substantive decisions and rulings issued in this case during her term as law clerk." (*Id.* at 5.)  As such, Defendants represent:

> Without these facts, [Defendants] cannot determine whether recusal is appropriate, much less meet its "substantial burden" to establish the appearance of partiality on a motion to recuse.  Thus, [Defendants] respectfully request[] that the Court order further inquiry into these specific facts regarding the timing of Ms. Grewe's job search, and disclose—to the extent compatible with judicial confidentiality—the degree of her involvement with this case, such that the parties have sufficient information to determine whether a motion to recuse is necessary.

3

(*Id.* at 6.)

Thereafter, on December 27, 2021, Ms. Grewe submitted a declaration in which she represents, *inter alia*, that: (1) she applied to HMF in July 2021; (2) she notified the undersigned when she received a response from HMF; (3) she completed no work on this case and had not spoken to either the undersigned or her co-clerks about the case; and (4) since starting at HMF, no one at HMF has spoken with her about this action "except with regard to the protocol to avoid potential conflicts of interest arising out of [her] prior employment." (ECF No. 378-1.)

The undersigned's recollections of the relevant events are consistent with those of Ms. Grewe. Because Ms. Grewe had no involvement in this case, substantive or otherwise, while working as a law clerk for the undersigned, and has not spoken with any HMF attorneys about this case prior to or after commencing her employment at HMF, the Court finds that no "reasonable person, knowing all the facts, would harbor doubts about the [undersigned's] impartiality." *Bryce*, 289 F.3d at 659; *see also Mathis*, 787 F.3d at 1313 (determining that the fact that the law clerk's husband was hired by the insurer to monitor trial did not require judge's recusal since the law clerk did not have continuing substantive participation in case after issue was brought to judge's attention); *Hamid*, 51 F.3d at 1416 (determining that because law clerk "had no involvement in the case at bar . . . [a] reasonable person knowing all the facts regarding [the law clerk's] relationship with the [defendant's] firm . . . would not conclude that the impartiality of [the judge's] decisions in the case should be questioned"); *Hunt v. Am. Bank & Trust Co. of Baton Rouge*, 783 F.2d 1011, 1015–16 (11th Cir. 1986) (per curiam) (holding that recusal was not required when judge's law clerks accepted

4

employment offers from defendants' law firm while the case was pending because neither clerk worked on the case beyond completing "ministerial" assignments). Moreover, the Court is satisfied that HMF's ethical firewall policy alleviates any potential appearance of impropriety, at present or going forward.

In sum, the Court finds that Defendants have failed to meet their substantial burden of making the case for why the undersigned's recusal is required in this case. More specifically, the Court finds that Defendants have failed to establish an objectively reasonable factual basis for questioning the undersigned's impartiality. As a consequence, Defendants' suggestion of recusal will be rejected, and their request for further inquiry will be denied.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendants' Suggestion of Recusal is REJECTED, and their Request for Further Inquiry (ECF No. 376) is DENIED.

Dated this 30th day of December, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge