# EXHIBIT 7

**In the United States District Court
for the District of Colorado**

Case No. 15-CV-109-WJM-STV

MICHAEL VALDEZ,

Plaintiff,

v.

ROBERT MOTYKA, Jr., Denver Police Officer in his
individual capacity and CITY AND COUNTY OF
DENVER, a municipality,

Defendants.

---

**AFFIDAVIT OF JEFFREY S. PAGLIUCA IN SUPPORT OF MR. VALDEZ'S MOTION
FOR ATTORNEY'S FEES AND COSTS**

---

I, Jeffrey S. Pagliuca, being over the age of 21, and having been duly sworn on oath, states as follows:

1. My qualifications are detailed in my prior affidavit submitted in connection with Mr. Valdez's initial fee application and incorporated by reference. In addition to the qualifications previously expressed, I have been counsel of record in hundreds of complex litigations that require the assistance of more than one lawyer and support person. Targeted team meetings are a common and effective method of communicating information.

2. Defendants complain about certain time entries that relate to more than one timekeeper being present and billing for a meeting or conference. *See* Exhibit A. The identified meetings were necessary, normal, and it is customary for all attendees to bill

for this time. Complex cases necessarily involve more than one lawyer or paralegal and it is more efficient to meet to receive and give input on work in progress and work to be done. In this case the meetings were not excessive, were not long, and normally involved one other person.

3. It also is normal, customary, and prudent to have more than one lawyer meet with the client to prepare the case and or prepare the client. Again, this is an efficient way to obtain and provide information and does not result in redundant bill billing. The number, length, and purpose of the meetings were reasonable, necessary, and customary for the Denver legal community.

4. Defendants complain about the lack of specificity regarding certain billers in this matter, including associate Jenny Braun, paralegal Kelsey Ray, senior paralegals Nancy Hickham and Alex Wood, and paralegal Brenda Rodriguez. These individuals were, and remain highly competent employees.

    a. Associate Jenny Braun is a graduate of Yale University, holds a Masters Degree from University of Virginia, and a J.D. from Harvard Law School. She worked as an associate at Perkins Coie for one year prior to joining HMF, and now is a law clerk to Justice Melissa Hart of the Colorado Supreme Court.

    b. Investigator Kelsey Ray had two years experience as an investigator prior to joining HMF but approximately 5 years as a journalist, including for Westword, prior to that.

    c. Nancy Hickham, a senior paralegal, has worked as a paralegal for 19 years and holds a Bachelor of Arts degree.

    d. Alex Wood, also a senior paralegal, had 4 years of experience before joining HMF, and is currently in law school.

    e. Brenda Rodriguez, a paralegal, had 21 years of experience as a judicial legal assistant in the Jefferson County Courts and then as a legal assistant at HMF before becoming a paralegal with HMF.

Executed on February 4, 2022.

_____
Jeffrey S. Pagliuca

Subscribed and sworn to before me this 4th day of February, 2021 by Jeffrey S. Pagliuca

Witness my hand and official seal.

My commission expires January 7, 2025

[SEAL]

HOLLY ROGERS
NOTARY PUBLIC - STATE OF COLORADO
NOTARY ID 20094000643
MY COMMISSION EXPIRES JAN 7, 2025

_____
Notary Public

3

**EXHIBIT A**

# Multiple Timekeepers Billing

| Date | Hours | Description | Notes |
|---|---|---|---|
| 1/15/2015 | 1.0 | JSP met with LAM<br>LAM met with client | LAM did not bill for meeting with JSP |
| 7/10/2015 | 0.3 | JSP, LAM, JAH met | JSP did not bill for meeting |
| 8/21/2015 | 2.5 | LAM and JAH met with client at the jail | Important for both active lawyers to meet with client together on occasion |
| 9/1/2015 | 0.2 | LAM met with JAH | JAH did not bill for meeting |
| **TWO YEAR GAP** | | | |
| 10/17/2017 | 1.4 | LAM met with A. Schindler re discovery responses | Necessary to compile knowledge to make discovery responses accurate |
| 2/12/2018 | 0.5 | LAM met with David Maxted following Roller depo | Maxted was taking upcoming witness depos and needed summary of what had occurred; faster than writing a summary |
| 2/14/2018 | 0.5 | LAM met with Maxted to get his input for Motyka depo prep | Important to coordinate various depos of different witnesses; faster than writing summaries |
| 2/20/2018 | 1.2 | LAM meeting with paralegal to prepare exhibits for deposition | Paralegal did not bill for the meeting |
| 3/15/2018 | @0.5 | Team meeting following deposition | Only LAM billed for meeting |
| 3/16/2018 | 0.5 | LAM met with Maxted | LAM and Maxted taking different depositions; needed to coordinate strategy |
| 3/20/2018 | @0.5 | LAM met with Maxted re motion to compel | LAM did not bill for meeting |
| 3/29/2018 | @0.5 | LAM and Maxted met regarding various pleadings due | Coordinating work on different pleadings |
| 4/3/2018 | 1.1 | LAM and Maxted met for LAM feedback on pleadings | LAM only charged for 0.4 of meeting |
| 4/17/2018 | 1.0 | LAM and Maxted reviewed and revised expert report | Maxted did not bill for meeting |
| 4/26/2018 | @1.0 | Following conferral with Defs., meeting to discuss a number of listed topics | Necessary for LAM to give guidance for lower-rate attorney to complete |
| 5/11/2018 | 1.7 | LAM meeting with Maxted on a number of listed topics | Oral feedback to Maxted on his drafts necessary to have lower-rate attorney complete pleadings |

| Date | Hours | Description | Notes |
|---|---|---|---|
| 5/15/2018 | @0.8 | LAM meeting with Maxted on a number of listed topics | Oral feedback to Maxted on his drafts necessary to have lower-rate attorney complete pleadings |
| 5/18/2018 | 0.3 | LAM meeting with Maxted to give guidance on expert issues | Maxted did not bill for meeting |
| 6/4/2018 | @1.0 | LAM meeting with Maxted to brainstorm response to summary judgment motion | Maxted did not bill for meeting |
| 6/8/2018 | 1.4 | LAM providing oral guidance on summary judgment response | Maxted did not bill for this meeting |
| 6/13/2018 | @0.2 | LAM met with JSP regarding summary judgment | JSP did not bill for this meeting. |
| 6/26/2018 | 1.0 | LAM providing oral guidance on summary judgment response | Oral feedback to Maxted on his drafts necessary to have lower-rate attorney complete pleadings |
| 6/27/2018 | @0.5 | LAM and Maxted drafting different section of pleading | Maxted did not bill for this meeting |
| 7/3/2018 | 0.1 | LAM sent email to Maxted with case update | Maxted did not bill for this email exchange |
| 7/5/2018 | @0.2 | LAM and Maxted met as working on different sections of SJ response | Maxted did not bill for this meeting |
| 7/9/2018 | 0.5 | LAM and Maxted worked on declaration together | Maxted did not bill for this meeting |
| 8/13/2018 | 1.0 | LAM met with Maxted to give oral feedback on draft | Oral feedback to Maxted on his drafts necessary to have lower-rate attorney complete pleadings |
| 8/14/2018 | 0.1 | Maxted emailed LAM for input | LAM did not bill for this email exchange (her email bills on same date were to opposing counsel) |
| 9/10/2018 | @0.3 | Maxted emailed LAM for input | LAM did not bill for these emails |
| 9/26/2018 | @0.2 | LAM met with Maxted for his input before emailing opposing counsel | Maxted did not bill for this meeting |
| 9/28/2018 | @0.2 | LAM and Maxted drafting different section of pleading, needed to coordinate | Call was de minimis necessary to coordinate efforts |
| 12/18/2018 | @0.5 | All attorneys met with client following court appearance to give advice and explain | Appropriate to have all counsel meet with client on occasion |
| 1/17/2019 | @0.2 | Maxted met with LAM to give input for deposition prep | LAM did not bill for meeting |

| NINE MONTH GAP | | | |
|---|---|---|---|
| 9/26/2019 | @0.2 | LAM and Maxted coordinated before he communicated with client | Appropriate to consolidate information so one person can make phone call |
| 11/13/2019 | 0.1 | Maxted communicated his input before LAM emailed opposing counsel | LAM did not bill for reading Maxted email |
| 11/19/2019 | 1.3 | Meeting to coordinate Municipal Liabilities pleading input from all team | Importance to case of all attorneys finalizing Municipal Liability Theories |
| 11/26/2019 | @0.5 | Team coordination in advance of court hearing | JSP did not bill for meeting. LAM and Maxted gave him input. |
| 1/14/2020 | @0.9 | LAM and Maxted worked together in person to finalize 30(b)(6) correspondence | Both attorneys contributed to work product as were working on different aspects of case |
| 4/23/2020 | 1.1 | LAM and JSP phone conference to get his input on municipal liability theories | JSP work product contributed to document LAM drafting |
| 5/18/2020 | 0.5 | LAM and JSP meeting with paralegals to coordinate trial prep (subpoenas, etc.) | Necessary for team to all input on trial prep |
| 6/11/2020 | ?? | Counsel found no entries referencing meetings amongst team | |
| 6/15/2020 | @0.5 | LAM needed to meet with paralegal and assistant to perform trial work tasks by them | Importance to case of giving clear directive to lower billing staff on trial prep needs |
| 6/16/2020 | 1.1 | JSP and LAM met with client | Important for all counsel to meet with client in lead up to trial |
| 7/17/2020 | 1.0 | JSP and LAM met with client | Important for all counsel to meet with client in lead up to trial |
| ONE YEAR GAP | | | |
| 6/8/2021 | @0.2 | JSP and LAM meet to discuss mediation | Both counsel contributed strategy and work product |
| 8/11/2021 | 1.0 | LAM met with paralegal to finalize exhibit list | Necessary joint meeting |
| 8/18/2021 | 1.0 | LAM met with paralegal to review defense counsel's exhibit list | Parties had to ensure no duplication of exhibits; required lawyer determination for paralegal to prepare |

| 9/4/2021 | 3.5 | LAM met with client in preparation for trial; JSP met for 1.5 of the hours | Important for all counsel to meet with client in lead up to trial |