IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-0109-WJM-STV

MICHAEL VALDEZ,

    Plaintiff,

v.

ROBERT MOTYKA, Jr., Denver Police Officer in his individual capacity, and
CITY AND COUNTY OF DENVER, a municipality,

    Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO STAY ATTORNEY FEE PROCEEDINGS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

This matter is before the Court on Defendants Robert Motyka, Jr. and City and County of Denver's ("Denver") (jointly, "Defendants") Motion to Stay Attorney Fee Proceedings ("Motion to Stay") (ECF No. 369). Also before the Court is Plaintiff Michael Valdez's Motion for Attorney's Fees and Costs ("Fee Motion") (ECF No. 358), to which Defendants responded (ECF No. 380), and Plaintiff replied (ECF No. 383).

For the reasons stated below, the Motion to Stay is denied, and the Fee Motion is granted in part and denied in part.

## I. BACKGROUND

Motyka, a Denver police officer, shot Plaintiff at least once at the end of a car chase on January 16, 2013. Plaintiff filed this lawsuit on January 15, 2015, alleging *inter alia*, that Motyka opened fire after all danger had passed, in violation of the Fourth Amendment, and that Denver has failed to train its police officers to prevent such

violations. (*See, e.g.*, ECF Nos. 1, 152.)

This matter proceeded to a 9-day jury trial beginning on September 13, 2021. (ECF No. 307.) On September 23, 2021, a jury awarded Plaintiff $131,000 against Motyka and $2,400,000 against Denver. (ECF No. 329.)

On November 1, 2021, the Court granted in part and denied in part Plaintiff's Motion for Prejudgment Interest and awarded Plaintiff $38,856 in prejudgment interest on Plaintiff's economic damages. (ECF No. 339.) On the same day, the Court entered Final Judgment. (ECF No. 340.)

Defendants filed a Notice of Appeal on November 15, 2021 (ECF No. 344), and Plaintiff filed a Notice of Cross-Appeal on November 29, 2021 (ECF No. 362). The parties' appeals remain pending before the United States Court of Appeals for the Tenth Circuit.

## II. MOTION TO STAY

"The law is well settled the district judge retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending." *City of Chanute v. Williams Nat. Gas Co.*, 955 F.2d 641, 658 (10th Cir. 1992), *overruled on other grounds, Systemcare, Inc. v. Wang Labs. Corp.*, 117 F.3d 1137 (10th Cir. 1997). But the district court judge is not required to resolve a motion for attorney's fees or costs before the appeal is completed according to Federal Rule of Civil Procedure 54(d). Where the losing party appeals the merits of a case, the district court has discretion to deny the prevailing party's motion for attorney's fees or defer ruling on the motion. *See* Fed. R. Civ. P. 54(d), adv. comm. note to 1993 amendments ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the

2

motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").

In the Motion to Stay, Denver argues that the Court should stay further proceedings on the Fee Motion while the parties' appeals are pending. (ECF No. 369 at 2.) According to Denver, a stay is appropriate because: (1) the appeal and cross-appeal will alter the amount of any fee award; and (2) if Denver's appeal is successful, Plaintiff will no longer be the prevailing party entitled to fees. (*Id.* at 3.)

After carefully considering Denver's arguments, the Court denies the Motion to Stay for lack of good cause shown. The mere possibility that Plaintiff may be entitled to a further fee award in the future does not affect the Court's conclusion that it is appropriate to determine Plaintiff's entitlement to fees thus far in the litigation. To the extent that Plaintiff prevails on appeal and is entitled to a further fee award, the Court will address such issues at that time.

Accordingly, the Court denies the Motion to Stay.

### III. FEE MOTION

**A.     Legal Standards**

In a civil rights action under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b); *see also* Fed. R. Civ. P. 54(d). Because the purpose of § 1988 is to ensure "effective access to the judicial process" for persons with civil rights grievances, "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The amount of the fee must be determined on the

3

facts of each case. *Id.* In his Fee Motion, Plaintiff seeks an attorney fee award of $1,294,088.50.

**B.      Attorney's Fee Award**

   1.      <u>General Standard</u>

As noted above, any fee award must be reasonable under the circumstances. *Hensley*, 461 U.S. at 433. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. This is commonly referred to as the "lodestar method" for calculating fees. *Id*. Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436–37.

As for the hourly rate, the Tenth Circuit has indicated that "the court must look to 'what the evidence shows the market commands.'" *Burch v. La Petite Academy, Inc.*, 10 F. App'x 753, 755 (10th Cir. 2001) (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255 (10th Cir. 1998)). The burden is on the party seeking fees to provide evidence of the prevailing market rate for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community. *Ellis v Univ. of Kan.*, 163 F.3d 1186, 1203 (10th Cir. 1998). "If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, in its discretion, use other relevant factors, including its own knowledge, to establish the rate."

*Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006).

The party requesting fees has the burden to "prove and establish the reasonableness of each dollar, each hour, above zero," and bears the burden of providing the required documentation and demonstrating that the fees requested are reasonable. *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986).

The best evidence of reasonable fees is "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). To determine the number of hours expended, the Court reviews counsel's billing entries to ensure that counsel exercised proper billing judgment. *Case*, 157 F.3d at 1250. The party seeking fees must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Where such an effort appears "inadequate, the district court may reduce the award accordingly." *Id.* at 433; *Jane L.*, 61 F.3d at 1510.

Moreover, when a plaintiff "is deemed 'prevailing' even though he succeeded on only some of his claims for relief," a court may exclude a portion of the fee if claims on which plaintiff lost were "unrelated to the claims on which he succeeded." *Hensley*, 461 U.S. at 434. A court may also reduce the overall award if a party "has achieved only partial or limited success." *Id.* at 436.

2. <u>Counsel's Hourly Rates</u>

Plaintiff requests hourly rates ranging from $575 to $595 per hour for work performed by shareholders and special counsel, $375 per hour for work performed by

5

associates, $100 per hour for work performed by law clerks, $100 to $200 per hour for work performed by paralegals, and $75 per hour for work performed by an investigator. (ECF No. 358 at 4–5.)  Plaintiff argues that the "hourly rates charged by each of the lawyers in this case are reasonable, based on each lawyer's skill, experience, reputation in the community, and accomplishments." (*Id.* at 12; ECF No. 358-1 ¶¶ 49–50.)  For support, he cites a number of cases in which attorneys with similar hourly rates and civil rights experience were awarded attorney's fees.  (ECF No. 358 at 12–13.)

In response, Defendants argue that Plaintiff's requested billing rates are unreasonable as they "are on the high end of the relevant market for civil rights lawyers in the Denver area." (ECF No. 380 at 13–14.)  Defendants request that the Court instead award an attorney's fee award based on hourly billing rates of $500 per hour for work performed by partners, $250 per hour for work performed by associates, and $100 for work performed by paralegals.  (*Id.* at 14.)

After carefully considering the parties' arguments, supporting documentation, and applicable case law, the Court concludes that Plaintiff's requested hourly billing rates are reasonable for civil rights attorneys of comparable skill and experience in the Denver area.  As such, the Court will apply the hourly billable rates requested by Plaintiff in determining the appropriate fee award.

3.  Billed Hours

Plaintiff requests payment for over 3,100 hours of billable work.  (ECF No. 358 at 5.)  According to Plaintiff, his counsel exercised reasonable billing judgment in compiling this request by removing duplicative time entries and/or work performed inefficiently and unnecessarily.  (*Id.* at 6.)  Moreover, Plaintiff contends that the matter was litigated as

6

cost-effectively as possible and that "[t]he billing does not include all the time [ ] counsel and staff spent on intra-office conferences about the litigation, nor the bulk of the time [ ] counsel spent writing and reviewing emails among staff and with opposing counsel." (*Id.* at 7.)  Moreover, Plaintiff emphasizes that this billable time represents work on a lawsuit that has lasted over six years and included over a dozen depositions, two motions to dismiss, three motions for summary judgment, three appeals to the court of appeals, various other motions, and a nine-day jury trial.  (*Id.* at 9.)

Defendants respond that Plaintiff is not entitled to recover attorney's fees to "pursue unsuccessful claims unrelated to the claims on which he prevailed."  (ECF No. 380 at 2.)  They contend that Plaintiff's claims for malicious prosecution, manufacture of evidence, seizure, false imprisonment, and conspiracy "were distinct claims based on allegations of unlawful acts taking place *after* the initial use of force" and therefore are unsuccessful claims for which Plaintiff is not entitled to an attorney's fee award.  (*Id.* at 3–4.)  According to Defendants, the Court should reduce the requested hours by 25% to account for work done on non-compensable claims.  (*Id.* at 10.)

Defendants further argue that the Court should reduce Plaintiff's fee request because counsel's time records contain impermissible block billing (*id.* at 5–10); duplicative time in which multiple attorneys billed for meetings, emails, or telephone calls (*id.* at 10–11); fees relating to a mediation that was not successful (*id.* at 12); and fees for attorneys' full travel time (*id.*).  Finally, Defendants argue that Plaintiff failed to include a summary of the relevant qualifications and experience for all the timekeepers for which he is seeking fees and that the Court should remove the hours from any fee award.  (*Id.* at 13 (arguing Plaintiff failed to provide the requisite summary pursuant to

7

D.C.COLO.LCivR 54.3(b) for Nancy Hickham, an unnamed "Law Clerk," Brenda Rodriguez, Kelsey Ray, Alex Wood, and Jenny Braun).)

After carefully reviewing the parties' briefs and exhibits and relevant case law, the Court concludes that a moderate discount to Plaintiff's requested attorneys' fee award is appropriate. Critically, although Plaintiff prevailed on every claim against Defendants Motyka and Denver *at trial*, he was unsuccessful on a number of substantive claims and against other defendants. *See Martinez v. Valdez*, 125 F. Supp. 3d 1190, 1215 (D. Colo. 2015) (recognizing that the measure of success for the purpose of awarding attorney fees is not only obtaining generous jury verdicts on the claims on which they succeeded and that "[t]he purpose of reducing a fee claim to reflect partial success is to eliminate compensation for hours spent solely in the pursuit of substantive claims on which" plaintiffs were unsuccessful).

The Court further agrees with Defendants that Plaintiff failed to substantiate his fee request for all attorneys, law clerks, and paralegals for whom he claims fees with a summary of relevant qualifications and experience, as is required by D.C.COLO.LCivR 54.3(b). Moreover, the Court notes that certain of Plaintiff's billing entries appear to be impermissibly block billed and/or appear to be duplicative of tasks performed by other attorneys.[1] *See Hensley*, 461 U.S. at 434 (recognizing that the party seeking fees must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary"); *Cadena v. Pacesetter Corp.*, 224 F.3d 1203,

---

[1] The Court categorically rejects Defendants' arguments that the undersigned should exclude fees relating to a mediation that was not successful. As a matter of public policy, the Court strongly believes it is important for prevailing parties to recover fees for time spent in good faith towards mediation, in order to incentivize future civil rights litigants to meaningfully participate in settlement discussions.

1215 (10th Cir. 2000) (recognizing that although block billing is not forbidden, courts may discount attorney's fees on the basis that entries were block billed). As a percentage of all the hours expended by Plaintiff's counsel in this case, the Court finds that these two categories of requested fees are relatively modest.

So while the Court believes some reduction in the fee award is appropriate, it is also of the view that Defendants' requested reduction of Plaintiff's total fee request is excessive. A reduction of this magnitude would ignore the fact that the overwhelming proportion of hours billed were spent on claims on which Plaintiff ultimately prevailed at trial. (*See* ECF No. 383 at 3.) Balancing the competing factors on this question, the Court elects to exercise its discretion to reduce Plaintiff's fee award request by a more modest 12.5%.

For the foregoing reasons, the Court will award Plaintiff $1,132,327.40 in attorney's fees, which represents 87.5% of his total fee request. In the Court's view, this amount adequately captures Plaintiff's outstanding trial results,[2] while also taking into account the claims on which Plaintiff was unsuccessful, the referenced defects in Plaintiff's substantiation of the qualifications for certain timekeepers, and the presence of some duplicative and block billed entries.

**C.     Costs**

Plaintiff requests an award of $36,399.19 in costs. (ECF No. 358 at 14.) Unhelpfully, Plaintiff fails to break down the categories of costs which he seeks to

---

[2] Plaintiff points out that this is the first jury verdict in favor of a plaintiff on a *Monell* claim against Denver in nearly three decades and is one of the largest failure-to-train plaintiff verdicts awarded in the District of Colorado. (ECF No. 383 at 2.) Indeed, in the Court's view, Plaintiff's counsel achieved a remarkable result in this difficult, hard-fought, and years-long case.

recover in the Fee Motion and instead merely attaches an itemized list of all of his costs as an exhibit to the Fee Motion. (ECF No. 358 at 14; ECF No. 358-6.) For support, Plaintiff's counsel represents in an affidavit that

> [Plaintiff] is responsible for reasonable costs expended by [Haddon, Morgan and Foreman, P.C. ("HMF")] in this matter. As the designated financial partner at HMF I review all costs incurred in all cases monthly. I have considerable professional experience evaluating what costs are necessary for a particular case. The costs expended in this matter are very reasonable for a litigation that was this hard fought and went on this long. Other comparable matters reflect two or three times the amount of costs for experts, depositions, and travel.

(ECF No. 358-1 ¶ 69.)

Defendants argue that the Court should deny Plaintiff's request for costs because "[Plaintiff] offers no argument or authority in support of his request and makes no showing that the costs were both reasonable and necessary." (ECF No. 380 at 14.) Defendants point out that although Plaintiff seeks reimbursement of $8,917.48 in Westlaw charges, he failed to make any showing that the research was chargeable to him (as opposed to firm overhead) or was related to the claims upon which he prevailed. (*Id.* at 15.) Defendants further contend that Plaintiff has similarly failed to demonstrate that he is entitled to recover his costs relating to parking fees, courier delivery costs and docketing services, consulting fees, or fees for "Crime Scene Forensics." (*Id.*)

Notwithstanding Plaintiff's counsel's conclusory statement that the requested costs are reasonable and are of the sort that Plaintiff is responsible, the Court finds that

10

Plaintiff has failed to adequately substantiate his costs.[3]  For example, Plaintiff has not shown that his Westlaw legal research charges are of the sort that are normally billed to the client, how the legal research was necessary to the case, or was related to the claims upon which he prevailed at trial.  See *Vialpando v. Johanns,* 2008 WL 410369, at *20 (D. Colo. 2008) (online legal research expenses were not reimbursable, as the affidavits supporting the fee requests did not indicate that the bills reflect work performed specifically for this case and did not describe the manner in which plaintiff's counsel accounted for such costs or that such charges are normally billed to the client); *Hayes v. Chaparral Energy, LLC*, 2018 WL 10780611, at *14 (N.D. Okla. Mar. 21, 2018) (reducing request for online research expenses where court was unable to ascertain what portion of research was spent on non-compensable matters).

Similarly, although Plaintiff's counsel contends that "[Plaintiff] is responsible for reasonable costs expended by HMF in this matter," it is not clear from the face of the Fee Motion or counsel's affidavit that certain costs are not simply part of the HMF's overhead costs, and thus are a normal charge for local attorneys of private clients in the area.  See *Avalanche Equip., LLC v. Williams-Southern Co., LLC*, 2015 WL 3635861, at *3 (D. Colo. June 11, 2015) (finding costs of online PACER research and postage and courier services are part of firm's overhead costs and therefore are not reimbursable).

Accordingly, the Court will award Plaintiff 50%, or $18,199.60, of his requested costs.  In the Court's view, this amount adequately incorporates Plaintiff's deficiencies in

---

[3] To the extent that Plaintiff contends that he is entitled to his costs "[i]n the absence of any rebuttal opinion or evidence" (ECF No. 383 at 10), the Court disagrees.  As the prevailing party, it is Plaintiff's burden—and not Defendants'— to "establish the amount of compensable costs and expenses to which they are entitled" and "[p]revailing parties necessarily assume the risks inherent in a failure to meet that burden."  *Mares*, 801 F.2d at 1208.

adequately supporting his entitlement to the full amount of costs sought.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendants' Motion to Stay Attorney Fee Proceedings (ECF No. 369) is DENIED;

2. Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 358) is GRANTED IN PART and DENIED IN PART; and

3. Plaintiff is AWARDED $1,132,327.40 in attorney's fees and $18,199.60 in costs.

Dated this 12th day of April, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge